

GE 1 OF _5_

United States District Court
Southern District of Texas
FILED

**NOV 1 3 2002**

Michael N. Milby
Clerk of Court

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE TEXAS

# MISCELLANEOUS

|  |  |
|---|---|
| CARLOS CAVAZOS | } |
|  | } |
| VS | } |
|  | } |
| JOHN E.POTTER | } |
| POSTMASTER GENERAL, | } |
| U.S.POSTAL SERVICE. | } |

~~CIVIL ACTION NO.~~ **B-92-027⁹**

B-02-219

}
==================================================
COMPLAINT
==================================================

### I. INTRODUCTION

THIS IS AN ACTION SEEKING REDRESS FOR THE VIOLATION OF RIGHTS BY THE U.S. POSTAL SERVICE, GUARANTEED TO THE PLAINTIFF UNDER 29 CFR CHAP. X1V SUBPART A, AGENCY PROGRAM TO PROMOTE EQUAL EMPLOYMENT OPPORTUNITY UNDER CFR 1614.101(A) (1)

IT IS RESPECTFULLY REQUESTED THAT THE COURT ASSUME JURISDICTION.

PLAINTIFF HAD BEEN EMPLOYED BY THE U.S.POSTAL SERVICE SINCE 1984 IN A RURAL MAIL CARRIER RELIEF POSITION IN THE LA FERIA,TEXAS POST OFFICE UNTIL 10-15-2001, AT WHICH TIME HE WAS TOLD BY LA FERIA TEXAS POSTMASTER WALTER RICEDALE, THAT PLAINTIFF SHOULD GO HOME AND WAIT TO BE CALLED BACK TO WORK LATER, AS UNSPECIFIED CHANGES HAD TAKEN PLACE AND THAT THEY WOULD BE CALLING PLAINTIFF BACK TO WORK IN THE NEAR FUTURE.

THIS RESULTED IN HIS BEING WRONGFULLY TERMINATED DUE TO DISCRIMATION AND THE FACT THAT THE EMPLOYER LATER ALLEGED THAT HE HAD RESIGNED HIS POSITION AT THE U.S.POSTAL SERVIE. THIS WAS APPARANTLY DONE SO THAT THE POSTMASTE COULD RETAIN A FEMALE EMPLOYEE CONSIDRABLY YOUNGER THAN PLAINTIFF AND SUBSEQUESNTLY, OTHER YOUNGER EMPLOYEES WERE ALSO HIRED, THAT DID NOT HAVE ANY QUALIFICATIONS THAT EXCEEDED THE QUALIFICATIONS POSSESSED BY PLAINTIFF.TO PERFORM RURAL CARRIER DUTIES SUCCESSFULLY.

U.S.POSTAL SERVICE HAS BEEN UNABLE TO PRODUCE RESIGNATION LETTERS OR ANY DOCUMENTS TO PROVE THEIR ALLEGATION TO THE EFFECT THAT PLAINTIFF DID IN FACT RESIGN HIS POSITION.

### II. PARTIES

PLAINTIFF HAD BEEN EMPLOYED BY THE U.S.POSTAL SERVICE SINCE 1984 IN A RURAL MAIL CARRIER RELIEF POSITION IN THE LA FERIA,TEXAS POST OFFICE UNTIL 10-15-2001 AT WHICH TIME HE WAS TOLD BY LA FERIA

PAGE 2 OF _5_

TEXAS POSTMASTER WALTER RICEDALE, THAT PLAINTIFF SHOULD GO HOME AND WAIT TO BE CALLED BACK TO WORK LATER, AS UNSPECIFIED CHANGES HAD TAKEN PLACE AND THAT THEY WOULD BE CALLING  PLAINTIFF BACK TO WORK IN THE NEAR FUTURE.

SINCE PLAINTIFF HAD NEVER HAD AN INDICATION TO BELIEVE THAT ANY PROBLEMS EXISTED WITH HIS WORK AS A RURAL MAIL CARRIER AT THE LA FERIA POSTAL FACILITY AND RELYING SOLELY ON THE WORD OF THE LA FERIA POSTMASTER,HE WENT HOME AND WAITED FOR THE PHONE CALL THAT NEVER CAME.

ON 04-16-2002PLAINTIFF RECEIVED NOTIFICATION OF PERSONNEL ACTION INFORMING HIM THAT HE HAD RESIGNED EFFECTIVE 10-15-2001

PLAINTIFF HAD NEVER DISCUSSED RESIGNATION NOR SIGNED ANY RESIGNATION LETTER OR RESIGNATION DOCUMENTS

WHEN REPEATED PHONE CALLS AND TRIPS TO THE LA FERIA POSTOFFICE FAILED TO REVEAL ANY INFORMATION ON HIS WORK  FACTS, PLAINFIFF HAD TO FILE A REQUEST UNDER THE FREEDOM OF INFORMATION ACT TO AVAIL HIMSELF OF DETAIL EQUAL OPPORTUNITY  INFORMATINON THAT SHOULD HAVE BEEN READILY OFFERED AND AVAILABLE FROM HIS EMPLOYER.

THIS FREEDOM OF INFORMATION REQUEST REVEALED WHO HAD BEEN HIRED WHILE HE WAS HOME WAITING TO BE CALLED BACK TO WORK.;

ON 04-16-2002 HE ALSO RECEIVED DOCUMENTS RESULTING FROMTHE FREEDOM OF INFORMATION ACT REQUEST REPLY THAT STATED DELIA VILLANUEVA,  LUIS SANCHES AND JESUS CALDERON AND POSSIBLY OTHERS HAD BEEN HIRED WITHOUT ANY OBVIOUS JOB QUALIFICATIONS OR ELIGIBILITY REQUIREMENTS BEYOUND THOSE QUALIFICATIONS  POSSESSED BY PLALINTIFF

BY THAT SAME LETTER,DATED 04-16-2002,PLAINTIFF FIRST KNEW THAT HE HAD BEEN DISCRIMINATED AGAINST UNDER  29 CFR XIV,SUBPART AG.

PLAINTIFF FILED TIMELY WITHIN  THE 45 DAY TIME LIMIT SPECIFIED UNDER CFR 104(A.)(1)BY FILING HIS COMPLAINT ON 04-23-2002

THE EEO COUNSELOR SPOKE DIRECTLY TO PLAINTIFF AND HIS REPRESENTATIVE ON 05-08-2002 AND SENT PLAINTIFF A LETTER STATING THAT IT APPEARED THE COMPLAINT WAS NOT TIMELY FILED

ON 05-15-2002,PLAINTIFF AGAIN FILING TIMELY ,APPEALED TO THE U.S.POSTAL SERVICE AT THE SECOND STEP LEVEL AS PER 29 CFR 1614.106

BY LETTER DATED 10-15-2002 THE AGENCY MADE ITS FIRST DECISION THAT PLAINTIFF HAD NOT BROUGHT THE ALLEGED DISCRIMINATORY ACT  TO THE ATTENTION  OF THE EEOC COUNSELOR  IN A TIMELY MANNER.

CIVIL ACTION IS BEING TAKEN NOW ,,AGAIN IN A TIMELY BASIS ,FOR THE FOLLOWING REASONS:

   (1)  PLAINTIFF IS CLAIMING DISCRIMINATION  UNDER ALL APPLICABLE                AUSPICES OF CFR TITLE 29 PARA.1614.103 (A) AND ANY OTHER APPLICABLE PROVISIONS  UNKNOWN TO PLAINTIFF AT THIS TIME ,

PLAINTIFF IS CURRENTLY WITHOUT THE BENEFIT OF ATTORNEY REPRESENTATION.

   (2)  EVEN IF PLAINTIFF HAD NOT FILED HIS INITIAL COMPLAINT WITHIN THE 45 DAYS AS THE FINAL AGENCY DECISION ALLEGES ,THE DOCTRINE OF EQUITABLE DILIGENT TOILING APPLIES IN THIS CASE AND THAT DOCTRINE EXTENDS THE FILING DEADLINE DUE TO THE FACT THAT PLAINTIFF WAS DEPRIVED OF FACTUAL INFORMATION RELATIVE TO HIS STATUS AS A U.S.POSTAL SERVICE EMPLOYEE AND THE AGENCY WAS PROVIDING ERRONEOUS INFORMATION THAT LEAD HIM TO BELIEVE THAT HIS EMPLOYEE STATUS WAS CONTINUING AND

GE 3 OF _5_

.AT HE WAS ON A LEAVE WITHOUT PAY STATUS AND WAITING FOR A PHONE CALL TO RETURN HIM TO DUTY AT
Y MOMENT.

:S WAS A SITUATION BEYOND HIS CONTROL AS THE AGENCY WAS IN POSSESSION OF INFORMATION OF HIS
ORK STATUS THAT WAS NOT BEING REVEALED TO HIM AND DEPRIVED HIM OF EEOC FILING STATUS.

.AINTIFF WAS ENGAGED IN EQUITABLE DILIGENT TOILING TRYING TO OBTAIN INFORMATION FROM THE AGENCY
; TO HIS EMPLOYEE STATUS TO THE POINT WHERE, HE HAD TO FILE A FREEDOM OF INFORMATION REQUEST
. THAT STATUTE TO RECEIVE INFORMATION ON HIS EMPLOYMENT STATUS AND TO FINALLY RECEIVE DATA
=LATED TO HIS ALLEGED RESIGNATION AND OR TERMINATION STATUS

WAS NOT UNTIL HE FILED HIS FOIA REQUEST ON 04-16-2002 , THAT HE RECEIVED DATA OTHER THAN THE
=FORMATION THAT HE RECEIVED FROM THE LA FERIA POSTMASTER THAT HE WOULD BE CALLED BACK TO
ORK SHORTLY.

 (3)  IT APPEARS THAT THE PLAINTIFF WAS DUPED IN NOT BEING INFORMED OF HIS EMPLOYEE STATUS AND
S RIGHTS  SUCH AS BEING ADVISED OF HIS RIGHTS TO FILE FOR UNEMPLOYMENT COMPENSATION BENEFITS
ND THE RIGHTS TO APPEAL HIS DISMISSAL SINCE HIS WRONGFUL TERMINATION HAD BEEN HANDLED WITHOUT
=FORMING HIM OF HIS EMPLOYMENT TERMINATION AND HE HAD MERELY BEEN SENT HOME BY THE
DSTMASTER AND TOLD TO WAIT FOR A PHONE CALL TO BE CALLED BACK TO WORK,WHILE ALL THE TIME THE
=AL INTENTIONS WERE TO GET RID OF HIM TO HIRE OTHER EMPLOYEES AND RETAIN THEM AT THE EXPENSE
= PLAINTIFF LOOSING HIS POSITION WITH THE U.S.POSTAL SERVICE.

=IAT A FEMALE EMPLOYEE , MUCH YOUNGER THAT PLAINTIFF ,AND SUBSEQUENTLY  OTHER  MALE OR FEMALE
MPLOYEES  ALSO CONSIDERABLY YOUNGER THAN HE WAS,WERE HIRED CONSTITUTES DISCRIMINATION OF
=VERAL DIFFERENT SORTS.INCLUDING SEX ,AGE,RACE AND OTHER TYPES OF DISCRIMINATION NOT YET
NOWN TO PLAINTIFF.AND THAT IS WHY PLAINTIFF IS FILING A COMPLAINT UNDER CFR 1614.101 (A) AND
LLEGING WRONGFUL TERMINATION DUE TO DISCRIMINATION .

.AINTIFF IS STILL COVERED BY THE DOCTRINE OF DILIGENT EQUITABLE TOILING AS HE HAS NOT BEEN
ROVIDED WITH COPIES OF HIS ALLEGED  RESIGNATION RELATED DOCUMENTS IN SPITE OF REPEATED
NQUIREIS AND FOIA REQUEST FILED ALSO.

 (4 ) (UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 99-8359 CIV-HURLEY

 THE SUPREME COURT HAS RULED THAT THE EQUITABLE TOILING PROTECTION THAT EXTENDS EEOC FILING
DEADLINE IN CASES LIKE THIS IS WRITTEN IN ALL FEDERAL STATUTES AND SHOULD BE THE COMPELLING
REASON TO RULE THAT THIS CASE BE RE-OPENED AND PROCESS SHOULD BE CONTINUED TO ASSURE PLAINTIFF
HIS RIGHTS UNDER THE EEOC STATUTES.

DURING THE TIME WHEN PLAINTIFF WAS TRYING TO ASCERTAIN HIS STATUS OTHER EMPLOYEES WERE HIRED
OF DIFFFERENT SEXES ,AGEES AND RELIGIONS OR THAT DID NOT HAVE HANDICAPS AND THAT DO NOT APPEAR
TO HAVE OBVIOUS JOB QUALIFICATIONS OR ELIGIBILITY REQUIREMENTS BEYOND THOSE POSSESSEDBY THE
PLAINTIFF.

 (5)  THE FINAL AGENCY DECISION NOTICE MAKES MUCH OF THE FACT THAT EEO POSTERS  WERE AVAILABLE
AND ON DISPLAYED ON THE WORKSITE EXPLAINING THE TIME LIMITATIONS FOR THE PLAINTIFF TO FILE HIS
COMPLAINT.BUT PLALINTIFF HAD NO REASON TO READ
THE POSTERS TO FILE A COMPLAINT AS HE WAS RELYING ON THE WORD AND INFORMATION FROM THE LA FERIA
POSTMASTER TO THE EFFECT THAT HE WAS GOING TO BE CALLED BACK TO WORK SHORTLY. IT WAS ONLY
AFTER THE FOIA REQUEST REPLY DATA  04-16-2002MADE IT KNOWN AND CLEAR TO HIM THAT MANAGEMENT

HAD MISLEAD AND LIED AND DISCRIMINATED HIM BY THEIR ACTIONS AND INACTIONS THAT HE INITIATED THE COMPLAINT WITH THE EEOC. COUNSELOR. ON 05-08-2002. HE HAS NEVER RESIGNED AND THE U.S.POSTAL SERVICE HAS NOT PROVIDE ANY DOCUMENTATION TO THAT EFFECT AS OF THIS DATE.

PLAINTIFF HUMBLY AND RESPECTFULLY REQUESTS THAT THE COURT APPOINT AN ATTORNEY FOR HIM  AND THE COURT AUTHORIZE THE COMMENCEMENT OF THIS ACTION WITHOUT THE PAYMENTS OF FEES ,COSTS ,OR SECURITY IN SUCH CIRCUMSTANCES AS THE COURT DEEMS JUST.

IT IS NOTED THAT THE U.S. COURT  CLERK   OFFICE STAFF INSTRUCTED THE PLAINTIFFS REPRESENTATIVE   THAT THIS REQUEST COULD BE MADE IN THIS  PRELIMINARY SUIT.

IT WOULD SEEM THAT THE U.S.POSTAL SERVICE WOULD HAVE PROVIDED A COPY OF THE ALLEGED RESIGNATION LETTER OR DOCUMENT SIGNED BY THE PLAINTIFF  TO AVOID THE POSSIBLILITY OF PLAINTIFF FILING A LAW SUIT IF IT WERE IN FACT, TRUE THAT HE HAD REALLY RESIGNED  HIS POSITION WITH THE U.S.POSTAL SERVICE.

### III.REMEDY

WHEREFORE PREMISES COMSIDERED,IT IS RESPECTFULLY REQUESTED THAT THE COURT ASSUME JURISDICTION HEREIN AND THEREAFTER:;

(1) AFFIRM THAT THE DEFENDENT PARTY HAS VIOLATED THE RIGHTS GUARRANTEED TO THE PLAINTIFF UNDER THE APPROPRIATE FEDERAL LAW.

AND THAT THE PLAINTIFF FILED A COMPLAINT AT THE FIRST STEP WITH THE EEO COUNSELOR  IN A TIMELY MANNER ,WITHIN THE 45 DAYS OF FINDING OUT CONCLUSIVE FACTS WHICH LED HIM TO BELIEVE THAT HE HAD BEEN DISCRIMINATED.

AND THAT THE PLAINTIFF WAS WRONGFULY DISCRIMINATED AND WRONGFULLY TERMINATED BY NOT BEING AFFORDED AN OPPORTUNITY TO CONTINUE WORKING FOR THE U.S.POSTAL SERVICE..

AND THAT THE PLAINTIFF FILED A COMPLAINT AT THE FIRST STEP WITH THE EEO CONUSELOR IN A TIMELY MANNER WITHIN THE 45 DAYS OF FINDING OUT CONCLUSIVE FACTS WHICH LED HIM TO BELIEVE THAT HE HAD BE DISCRIMINATED.

(2)  ALLOW MAXIMUM COMPENSATORY DAMAGES PROVIDED BY LAW:

FULL BACK PAY AND MAXIMUM ATTORNEY FEES AND COMPENSATION IN ACCORDINCE WITH REINSTATEMENT REGULATIONS..IN 5 CFR CHAP.1550.804DETERMINING ENTITLEMENT TO AND COMPUTATION OF BACK PAY AWARD.......

(3)  BE AWARDED  MAXIMUM COMPENSTATION  AND ATTORNEY FEES TO MAXIMUM ALLOWABLE BY LAW.

(4)  BE AWARDED ATTORNEY FEES ,IF APPLICABLE

(5)  PLACE PLAINTIFF BACK TO HIS ORIGINAL POSITION WITH  FULL BACK PAY TO THE EFFECTIVE DATE WHEN U.S.POSTAL SERVICE "RESIGNED" HIM WIHTOUT HIS KNOWLEDGE AND/OR CONSENT.

(6)  PROVIDE FOR  CORRECTIVE DISCIPLINARY ACTION ACCORDING TO.STATUTE AGAINST ALL PERSONS IN ANY CAPACITY IN THE U.S.POSTAL SERVICE SHO DISCRIMINATED AGAINST THE PLAINTIFF.

PAGE 5 OF 5

## IV. ATTACHMENTS

1) COPY OF FREEDOM OF INFORMATION REQUEST FILED

2) COPY OF FREEDOM OF INFROMATION REQUEST REPLY (AND ALL          ATTACHMENTS THEREOFF)

3) COPY OF INITIAL COMPLAINT FILED.

4) COPY OF COMPLAINT DISMISSAL FINAL NOTICE

5) COPY OF PRECEDENT CASE CITING SUPREMEN COURT RULING
   ON LATE FILING EXEMPTIONS DUE TO DOCTRINE OF EQITALBLE
   DILIGENT   TOILING AND STATING THAT THIS DOCTRINE IS TO BE READ
   IN TO ALL FEDERAL STATUTES

6) COPY OF CFR DETERMINING ENTITLEMENT TO BACK PAY AND BACK PAY COMPUTATION .


PLAINTIFF NAME AND ADDRESS AND PHONE NUMBER :

CARLOS CAVAZOS    *Carla Pavezo.*
30777 FM 506
LA FERIA TEXAS 78559-6133    *11-13-02*

TELEPHONE  1-956-797-2460

UNITED STATES POSTAL SERVICE

EQUAL EMPLOYMENT OPPORTUNITY CASE

IN THE MATTER OF:

**OCT 1 5 2002**

| | | |
|---|---|---|
| Carlos Cavazos<br>30777 FM 506<br>La Feria, TX 78559-6113 | )<br>)<br>)<br>) | Case Number: 4G-780-0171-02<br><br>Filed On: May 15, 2002 |
| v. | )<br>) | Certified No. 7001 1940 0000 4754 1492 |
| John E. Potter,<br>Postmaster General,<br>United States Postal Service | )<br>)<br>)<br>) | Return Receipt Requested |

## FINAL AGENCY DECISION

This is the Postal Service's Final Agency Decision on the above-referenced complaint of discrimination filed on May 15, 2002. In this complaint, you alleged discrimination when:

**Issue(s):** From October 2000 and February 10 through October 26, 2001, you received paperwork that indicated you had resigned from the Postal Service and after repeated inquiries about your employment status to the former Postmaster did not give you an answer but the current Postmaster stated that you were terminated. This resulted in others being hired instead of you from the hiring worksheet.

**Basis:** Race (White), Color (not specified), National Origin (Hispanic), Sex (Male), Religion (Catholic) and Age (DOB: 11-04-1940).

Title 29 C.F.R. § 1614.105(a)(1) requires that a complainant bring the alleged discriminatory act to the attention of the EEO Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action. According to the Report of Counseling, you contacted the EEO Counselor March 14, 2002 or 94 days after the prescribed time limits. As you did not contact the EEO Counselor within the prescribed time limits, your complaint is dismissed as untimely in accordance with EEOC Regulations at § 1614.107(a)(2).

A review of the EEO Counselor's report also indicates that EEO Posters are on display. EEO Posters have the telephone number, address, and the <u>45 day time frame requirement</u>, for contacting the Postal Service's EEO Office. The EEO Posters are posted where employees or applicants for employment can reasonably be expected to see them.

The evidence of record contains an affidavit from Juan Ayala, Postmaster, 123 W 1st La Feria TX 78559-9998. In that affidavit, Mr. Ayala indicates that EEO Poster #72 is on display in various locations throughout the facility since August 2000. He further indicates that the poster informs the individual that they must contact an EEO Counselor within 45 calendar days of the alleged discriminatory act or if a personnel action is involved, within 45 calendar days of its

Final Agency Decision
Carlos Cavazos
Re: 4G-780-0171-02
Page 2

effective date.  Additionally, a copy of the EEO Poster notifies the individual of the specific address and telephone number of the designated local EEO office.

Title 29 C.F.R. § 1614.105(a)(1) requires that a complainant bring the alleged discriminatory act to the attention of the EEO Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action.

In determining when the appropriate time period for initiating EEO contact begins to run, the Equal Employment Opportunity Commission (EEOC) employs the "reasonable suspicion" standard, as determined by the District Court in Parades v. Nagel, 27 FEP 1345 (D.D.C. 1982). The Parades Court noted:

> This "reasonable suspicion" standard, as opposed to some type of "supportive facts" standard, appears to be the best for this situation; it is an effective middle ground position which accommodates both the desire to prevent the filing of frivolous, unfounded complaints and the desire to get these discrimination matters promptly into the agency's investigative and conciliation channels. Id. at 1347.

Therefore, the court found that the appropriate time limit begins to run when one has some reason (i.e., facts and/or circumstances) to support the belief that prohibited discrimination has occurred.

## RIGHT TO FILE A CIVIL ACTION

If you are dissatisfied with the Postal Service's final agency decision, you may file a civil action in an appropriate U.S. District Court, within **90** calendar days of your receipt of this decision.  If you choose to file a civil action, that action should be captioned **Carlos Cavazos v. John E. Potter, Postmaster General**.  You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security in such circumstances as the court deems just.  Your application must be filed within the same 90-day time period for filing the civil action.

## APPEAL TO THE EEOC

In lieu of filing a civil action, you may file an appeal with the Equal Employment Opportunity Commission (EEOC), Office of Federal Operations (OFO), P.O. Box 19848, Washington, D.C. 20036-0848, utilizing the enclosed PS Form 3573, Notice of Appeal/Petition to the Equal Employment Opportunity Commission, Office of Federal Operations.  Any supporting statement or brief must be submitted, in duplicate, to the EEOC within **30** calendar days of filing the appeal.  A copy of the appeal and any supporting documentation must also be submitted to the **Manager, EEO Compliance and Appeals, PO Box 223863, Dallas, TX 75222-3863**.  Failure to file within the 30-day period could result in the EEOC's rejection of the appeal unless you explain, in writing, extenuating circumstances which prevented filing within the prescribed time limit.  In this event, extending the time limit and accepting the appeal will be discretionary with the EEOC.

Final Agency Decision
Carlos Cavazos
Re: 4G-780-0171-02
Page 3

If you file an appeal with the EEOC's Office of Federal Operations, you may thereafter file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the decision from the Office of Federal Operations.   A civil action may also be filed after 180 calendar days of the appeal to the EEOC if you have not received a final decision on the appeal.

Sincerely,

Traci G. Gann
Acting Manager, EEO Compliance and Appeals

Enclosure (3573)

cc:   File

      Manager, EEO Dispute Resolution, Ft. Worth District

      Antonio Vereb
      4690 Boca Chica
      Brownsville TX 78521-5514

HR: MLTownsend:75222-3863

**Page 1 or three  pages    FOIA/PA REQUEST FOR**

**Carlos Cavazos Social Security Number** _550 - 54- 3788_

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**FREEDOM OF INFORMATION / PRIVACY ACT REQUEST**

**REQUESTOR DATE OF BIRTH** _11 - 4 - 40_

**REG. NO** _____

**PLACE OF BIRTH** _Montemorelos, N. L._

**ADDRESS** _30 777 FM 506_

**SOC. SEC. NO.** _550 - 54 - 3788_

**AGENCY REQUESTED FROM:** _US POSTAL SERVICE_

**CASE NUMBER** _____

**DISTRICT COURT** _N/A_

**Pursuant to the Freedom Of Information Act, 5 USC 552, and the Privacy Act of 1974, 5 USC 552a, I hereby request copies of the following documents. If for any reason you chose not to send me any of the documents or papers requested then please furnish me with a "Vaughn Index" as set forth in Vaughn v. Rosen, 484 F2d 820(D.C.D.C. 1973).**

**I am requesting all records, documents, and information you have in your files pertaining to all copies of vacancy announcements ,selection announcements for the La Feria Texas Postal Service Office for the La Feria Texas Rural Routes 1,Rural Rout 2,Rural Route 3 and all "Seasonal"or temporary Rural Routes in that Postal Office,and all of these are to be de-identified(remove the name,address,social security number and other data that may be contrary to the FOIA/privacy act restrictions)from those records provided..**

_SEE BACK_

A[ADD]ITION, I AM REQUESTING ALL [IN THE]
PLICATION OF LAWS, R[UL]ES, REGULATIONS, [IN]TCH AND SELECTION
[PR]OCEDURES. RURAL ROUTE UNION AGREE MENTS O[R]. ANY OTHE R
[C]RITERIA ON SELECTIONS MADE IN MY ABSENCE FROM THE POSTAL
[SE]RVICE IN EITHER PAID OR UNPAID STATUS UP TO THE DATE OF THIS
[RE]CIEPT OF REQUEST FOIA / PA.

**Page 2 of three pages        FOIA/PA REQUEST FOR**

**CARLOS  CAVAZOS  Social Security number__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**

**Please consider this as a first-party request under the FOIA, 5 USC 552, and as a Privacy Act request, 5 USC 552a also.**

**In the event that some of the material is considered by you to be exempt from disclosure under both Acts, then please include all segregable portions of documents and the specific exemption you are relying upon to deny disclosure of the excised portions. Please note that in order to avoid disclosure you must claim an appropriate exemption under both Acts.**

**I am requesting that you abide by the statutory time within which to make a determination on this request, that being ten (10) working days from your receipt under Section 552(a)(6)(A)(i).**

**I request a fee waiver or at least a fee reduction, however, in the event you deny this request for waiver I hereby agree to pay the fees for search and duplication while retaining my right to appeal your denial of waiver. The information requested will not be used for any commercial purpose.**

**I CARLOS  CAVAZOS____ ✓  hereby swear under the penalty of perjury that I am requesting all the above information and documents for my personal use.**

**DATED__MARCH  30,2002_____**

**STATE OF_____*Texas*_____**

**COUNTY OF_____*CAmcron*_____**

**BEFORE ME, A NOTARY PUBLIC, on this day personally**

**FOIA/PA REQUEST**

**(PAGE 3 OF 3 PAGES)(FOIA/PA REQUEST FOR CARLOS
CAVAZOS SOCIAL SECURITY NUMBER__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_)**

**appeared known to me to be the person whose name is**

**subscribed above and, being by me first duly sworn, declared
that the information above is true and correct.**

**Given under my hand and seal of office this** _2_ **day
of** _April_ , ~~19~~ _2002_

**NOTARY PUBLIC** _Josefina C Cisneros_

**My commission expires:** _10/19/05_
**************************************

```
JOSEFINA C. CISNEROS
MY COMMISSION EXPIRES
October 19, 2005
```

**HUMAN RESOURCES**


**UNITED STATES**
**POSTAL SERVICE**

April 16, 2002


CARLOS CAVAZOS
30777 FM 506
LA FERIA TX  78559-5133

Dear Mr. Cavazos:

Enclosed are documents requested by you under the FOIA.

Should additional information be required, please specify what information you need.



*Lydia Yanes*

Lydia Yanes
Human Resources Specialist

Cc:  Postmaster
     Mission TX

809 NUECES BAY BLVD
CORPUS CHRISTI TX  78469-0402
361-886-2296
FAX:  361-886-2239

HUMAN RESOURCES                                    POST IMMEDIATELY


**UNITED STATES**
**POSTAL SERVICE**

February 26, 1999

**MEMORANDUM FOR ALL RURAL CARRIERS**
**LA FERIA TX 78559-9998**

SUBJECT:  Rural Route 02

Mr. Magdaleno Juarez Jr.,  Rural Carrier Associate, La Feira TX, seniority date June
1, 1991, was the successful bidder for Route 02, La Feria TX.

Mr. Juarez will assume his new duties effective February 27, 1999..

*Lydia Yanes*
P/JACKIE BETHELL
HUMAN RESOURCES SPECIALIST                                    6285672

Cc:  Postmaster

809 NUECES BAY BLVD
CORPUS CHRISTI TX  78469-0402
512-886-2283
FAX:  512-886-2215

**AL BULLETIN**

INSTALLATION

**U. S. POSTAL SERVICE**

## NOTICE OF VACANCY IN ASSIGNMENT(S)

Post on the bulletin board in your station or unit for the full time of posting as shown on the notice. Please remove at the expiration of the time limit, and retain at your office for 30 days, then destroy.

Applications, on Form 1717 are invited for the assignment(s) described below. They must be received in the personnel office no later than the date and time shown below. Under no circumstances will applications be accepted after the date and time specified. Complete a separate Form 1717 for each position desired and number in order of preference.

THE LAW (39 U.S. CODE 1002) PROHIBITS POLITICAL AND CERTAIN OTHER RECOMMENDATIONS FOR APPOINTMENTS, PROMOTIONS, ASSIGNMENTS, TRANSFERS, OR DESIGNATIONS OF PERSONS IN THE POSTAL SERVICE. Statements relating solely to character and conduct are permitted, but every other kind of statement or recommendation is prohibited unless it is either is requested by the Postal Service and consists solely of an evaluation of the work performance, ability, aptitude, and general qualifications of an individual or is requested by a Government representative investigating the individual's loyalty, suitability, and character. Anyone who requests or solicits a prohibited statement or recommendation is subject to disqualification from the Postal Service and anyone in the Postal Service who accepts such a statement may be suspended or removed from office.

This is to invite bids from Regular Rural Carriers, Designation 71, Substitute Rural Carriers, Designation 72 and/or 73, and Rural Carrier Associates, Designation 78, with service in excess of one (1) year as an RCA, for the following vacant route.

The route information, and the physical/other requirements of routes becoming vacant as a result of this posting, will be made available to employees upon request. Vacancies which occur as a result of this posting will not be posted individually.

Route Information:

Route number ___02___   Route length ___42.45 miles___
Route classification ___42K___   Work location ___LA FERIA TX___
(station/branch)

USPS vehicle provided: YES ____   NO __x__

Physical/other Requirements:
Must meet physical requirements of the position.
Must possess a valid state driver's license.
Must possess an SF-46, U.S. Government Motor Vehicle Operator's ID Card.

ORDER OF CONSIDERATION

1. Regular Rural Carriers within vacancy post office, including stations and branches; plus any rural carrier having retreat rights to the vacancy office; plus any excess rural carrier from another office within one hundred miles.

2. Substitute Rural Carriers in order of their service as Substitute Rural Carrier at the post office where the vacancy exists.

CLOSING DATE: ___FEBRUARY___ ___11___ ___1999___
(month)   (day)   (year)

Bids are to be submitted by closing date to: LYDIA YANES, HR ASSOCIATE
** NOTE ** Rural Carrier positions will be filled in accordance with
Article 12, Section 3B and the 11/14/86 Memorandum of Understanding

| DATE AND TIME POSTED | DATE AND TIME TO BE WITHDRAWN |
|---|---|
| FEBRUARY 2, 1999 | FEBRUARY 11, 1999 |

PS Form 1716
Apr. 1974

LYDIA YANES, PERSONNEL
HUMAN RESOURCES ASSOCIATE
809 NUECES BAY BLVD
CORPUS CHRISTI, TX 78469-0402

| 01 | Effective Date 02-10-2001 | NOTIFICATION of PERSONNEL ACTION | 02 | Social Security Number |
|---|---|---|---|---|

U. S. Postal Service

**EMPLOYEE INFORMATION**

| Field | Value | | Field | Value |
|---|---|---|---|---|
| 03 Employee Name-Last | VILLANUEVA | | 39 FLSA Status | N - NON-EXEMPT |
| 04 Employee Name-First | DELIA | | 40 Pay Location | 000 |
| 05 Employee Name-Middle | - | | 41 Rural Carrier-Route | 002 |
| 06 Mailing Address Street/Box/Apts | | | 42 Rural Carr-L-Rte ID | L |
| | | | 43 Rural Carr-Pay Type | K - 5 DAY HEAVY ROUTE |
| 07 Mailing Address-City | | | 44 Rural Carr-Tri-Weekly | |
| 08 Mailing Address-State | | | 45 Rural Carr-FLSA | P |
| 09 Mailing Address-Zip+4 | | | 46 Rural Carr-Commit | |
| 10 Date of Birth | | | 47 Rural Carr-EMA | |
| 11 Veterans Preference | | | 48 Rural Carr-Hours | 43 |
| 12 Sex | | | 49 Rural Carr-Miles | 047 |
| 13 Minority | | | 50 Job Sequence | 1 |
| 14 Disability | | | 51 Occupation Code | 2325-07XX |
| 15 Leave Comp Date | | | 52 Position Title | RU CAR ASC/SV RG RT |
| 16 Enter on Duty Date | 09-11-1999 | | 53 Functional Oper Nbr | 2500 |
| 17 Retirement- Comp Date | | | 54 Designation/Activity | 78/0 |
| 18 Serv Anniversary PPYR | | | 55 Position Type | 6 - RURAL |
| 19 TSP Eligibility | I - INELIGIBLE | | 56 Limit Hours | |
| 20 TSP Service Comp Date | | | 57 Allowance Code | |
| 21 Prior CSRS Service | | | 58 Employment Type | |
| 22 Frozen Csrs Time | | | **SALARY INFORMATION** | |
| 23 Leave Data-Category | 0 - INELIGIBLE | | 59 Pay Rate Code | H - HOURLY |
| 24 Leave Data-Chg PPYR | | | 60 Rate Schedule Code | B - RURAL |
| 25 Leave Data-Type | 3 - INELIGIBLE FOR LEAVE | | 61 Grade/Step | 05/ Y |
| 26 Credit Military Serv | | | 62 Base Salary | 13.51 |
| 27 Retired Military | | | 63 Cola | |
| 28 Retirement Plan | 2 - FICA | | 64 Cola Roll-In Ind | |
| 29 Employee Status | | | 65 Next Step PPYR | |
| 30 Life Insurance | A0 - Ineligible | | 66 Merit Anniv Date | |
| 31 Special Benefits | | | 67 Merit Lump Sum | |
| **POSITION INFORMATION** | | | 68 Special Salary Code | |
| 32 Employ Office-Fin No | 48-4845 | | 69 Protected RSC | |
| 33 Employ Office-Name | LA FERIA POST OFFICE | | 70 Protected Grade/Step | |
| | | | 71 Expiration PP/YR | |
| 34 Employ Office-Address | LA FERIA TX 78559-9998 | | 72 Protected RC Hours | |
| | | | 73 Protected RC Miles | |
| 35 Duty Station-Fin No | 48-4845 | | 74 RC Guaranteed Salary | |
| 36 Duty-Station-Name | LA FERIA POST OFFICE | | 75 Annuity Amount | |
| 37 Appt Expiration Date | | | 76 Red Circle Code | 0 |
| 38 Probation Expir Date | 09-09-2000 | | | |

**NATURE OF PERSONNEL ACTION**

| 77 Nature of Action Code | 997 | | 78 Authority | 39-USC SECT. 1001 | | | |
|---|---|---|---|---|---|---|---|
| 79 Description | CONTRACTUAL INCREASE | | 80 Code | 81 Code | 82 Code | 83 Code |
| 84 Remarks | | | | | | |

| 85 | Authorization GEORGE L LOPEZ, VICE PRESIDENT AREA OPERATIONS-SOUTHWEST AREA | 86 Processed Date | 02-22-2001 |
|---|---|---|---|
| | | 87 Personnel Office ID | NX85 |
| | | 88 OPF Location | CORPUS CHRISTI POST OFFIC |

PS Form 50, March 1990 (Exception to Standard Form 50)    **2 - OPF COPY**

| 01 | Effective Date | | NOTIFICATION of PERSONNEL ACTION | 02 | Social Security Number | |
|----|---|---|---|---|---|---|
| | 02-10-2001 | | | | | |

**U. S. Postal Service**

**EMPLOYEE INFORMATION**

| No | Field | Value | No | Field | Value |
|----|-------|-------|----|-------|-------|
| 03 | Employee Name-Last | CALDERON | 39 | FLSA Status | N - NON-EXEMPT |
| 04 | Employee Name-First | JOSE | 40 | Pay Location | 000 |
| 05 | Employee Name-Middle | | 41 | Rural Carrier-Route | 001 |
| 06 | Mailing Address | | 42 | Rural Carr-L-Rte ID | |
| | Street/Box/Apts | | 43 | Rural Carr-Pay Type | K - 5 DAY HEAVY ROUTE |
| 07 | Mailing Address-City | | 44 | Rural Carr-Tri-Weekly | - |
| 08 | Mailing Address-State | | 45 | Rural Carr-FLSA | P |
| 09 | Mailing Address-Zip+4 | | 46 | Rural Carr-Commit | |
| 10 | Date of Birth | | 47 | Rural Carr-EMA | |
| 11 | Veterans Preference | | 48 | Rural Carr-Hours | 48 |
| 12 | Sex | | 49 | Rural Carr-Miles | 058 |
| 13 | Minority | | 50 | Job Sequence | 1 |
| 14 | Disability | | 51 | Occupation Code | 2325-07XX |
| 15 | Leave Comp Date | | 52 | Position Title | RU CAR ASC/SV RG RT |
| 16 | Enter on Duty Date | 10-09-1999 | 53 | Functional Oper Nbr | 2500 |
| 17 | Retirement- Comp Date | | 54 | Designation/Activity | 78/0 |
| 18 | Serv Anniversary PPYR | | 55 | Position Type | 6 - RURAL |
| 19 | TSP Eligibility | I - INELIGIBLE | 56 | Limit Hours | |
| 20 | TSP Service Comp Date | | 57 | Allowance Code | |
| 21 | Prior CSRS Service | | 58 | Employment Type | |
| 22 | Frozen Csrs Time | | | **SALARY INFORMATION** | |
| 23 | Leave Data-Category | 0 - INELIGIBLE | 59 | Pay Rate Code | H - HOURLY |
| 24 | Leave Data-Chg PPYR | | 60 | Rate Schedule Code | B - RURAL |
| 25 | Leave Data-Type | 3 - INELIGIBLE FOR LEAVE | 61 | Grade/Step | 05/ Y |
| 26 | Credit Military Serv | | 62 | Base Salary | 13.51 |
| 27 | Retired Military | | 63 | Cola | |
| 28 | Retirement Plan | 2 - FICA | 64 | Cola Roll-In Ind | |
| 29 | Employee Status | | 65 | Next Step PPYR | |
| 30 | Life Insurance | A0 - Ineligible | 66 | Merit Anniv Date | |
| 31 | Special Benefits | | 67 | Merit Lump Sum | |
| | **POSITION INFORMATION** | | 68 | Special Salary Code | |
| 32 | Employ Office-Fin No | 48-4845 | 69 | Protected RSC | |
| 33 | Employ Office-Name | LA FERIA POST OFFICE | 70 | Protected Grade/Step | |
| | | | 71 | Expiration PP/YR | |
| 34 | Employ Office-Address | LA FERIA | 72 | Protected RC Hours | |
| | | TX 78559-9998 | 73 | Protected RC Miles | |
| 35 | Duty Station-Fin No | 48-4845 | 74 | RC Guaranteed Salary | |
| 36 | Duty-Station-Name | LA FERIA POST OFFICE | 75 | Annuity Amount | |
| 37 | Appt Expiration Date | | 76 | Red Circle Code | 0 |
| 38 | Probation Expir Date | 10-07-2000 | | | |

**NATURE OF PERSONNEL ACTION**

| 77 | Nature of Action Code | 997 | 78 | Authority | | | 39-USC SECT. 1001 | | |
|----|---|---|---|---|---|---|---|---|---|
| 79 | Description | CONTRACTUAL INCREASE | 80 | Code | 81 | Code | 82 Code | 83 | Code |
| 84 | Remarks | | | | | | | | |

| 85 | Authorization | | 86 | Processed Date | 02-22-2001 |
|----|---|---|---|---|---|
| | GEORGE L LOPEZ, VICE PRESIDENT | | 87 | Personnel Office ID | NX85 |
| | AREA OPERATIONS-SOUTHWEST AREA | | 88 | OPF Location | CORPUS CHRISTI POST OFFIC |

PS Form 50, March 1990 (Exception to Standard Form 50)    2 - OPF COPY

| 01 | Effective Date | 07-28-2001 | NOTIFICATION of PERSONNEL ACTION | | 02 | Social Security Number | |

U. S. Postal Service

**EMPLOYEE INFORMATION**

| # | Field | Value | # | Field | Value |
|---|-------|-------|---|-------|-------|
| 03 | Employee Name-Last | SANCHEZ | 39 | FLSA Status | N - NON-EXEMPT |
| 04 | Employee Name-First | LISA | 40 | Pay Location | 000 |
| 05 | Employee Name-Middle | D | 41 | Rural Carrier-Route | 003 |
| 06 | Mailing Address Street/Box/Apts | | 42 | Rural Carr-L-Rte ID | L |
| 07 | Mailing Address-City | | 43 | Rural Carr-Pay Type | A - AUXILIARY ROUTE |
| 08 | Mailing Address-State | | 44 | Rural Carr-Tri-Weekly | - |
| 09 | Mailing Address-Zip+4 | | 45 | Rural Carr-FLSA | P |
| 10 | Date of Birth | | 46 | Rural Carr-Commit | |
| 11 | Veterans Preference | | 47 | Rural Carr-EMA | |
| 12 | Sex | | 48 | Rural Carr-Hours | 18 |
| 13 | Minority | | 49 | Rural Carr-Miles | 019 |
| 14 | Disability | | 50 | Job Sequence | 1 |
| 15 | Leave Comp Date | | 51 | Occupation Code | 2325-0003 |
| 16 | Enter on Duty Date | 07-28-2001 | 52 | Position Title | TEMP RELIEF CARRIER |
| 17 | Retirement- Comp Date | | 53 | Functional Oper Nbr | 2500 |
| 18 | Serv Anniversary PPYR | | 54 | Designation/Activity | 70/0 |
| 19 | TSP Eligibility | I - INELIGIBLE | 55 | Position Type | 6 - RURAL |
| 20 | TSP Service Comp Date | | 56 | Limit Hours | |
| 21 | Prior CSRS Service | | 57 | Allowance Code | |
| 22 | Frozen Csrs Time | | 58 | Employment Type | |
| 23 | Leave Data-Category | 0 - INELIGIBLE | | **SALARY INFORMATION** | |
| 24 | Leave Data-Chg PPYR | | 59 | Pay Rate Code | H - HOURLY |
| 25 | Leave Data-Type | 3 - INELIGIBLE FOR LEAVE | 60 | Rate Schedule Code | B - RURAL |
| 26 | Credit Military Serv | | 61 | Grade/Step | 07/ |
| 27 | Retired Military | | 62 | Base Salary | 11.55 |
| 28 | Retirement Plan | 2 - FICA | 63 | Cola | |
| 29 | Employee Status | | 64 | Cola Roll-In Ind | |
| 30 | Life Insurance | A0 - Ineligible | 65 | Next Step PPYR | |
| 31 | Special Benefits | | 66 | Merit Anniv Date | |
| | **POSITION INFORMATION** | | 67 | Merit Lump Sum | |
| 32 | Employ Office-Fin No | 48-4845 | 68 | Special Salary Code | |
| 33 | Employ Office-Name | LA FERIA POST OFFICE | 69 | Protected RSC | |
| | | | 70 | Protected Grade/Step | |
| | | | 71 | Expiration PP/YR | |
| 34 | Employ Office-Address | LA FERIA TX 78559-9998 | 72 | Protected RC Hours | |
| | | | 73 | Protected RC Miles | |
| 35 | Duty Station-Fin No | 48-4845 | 74 | RC Guaranteed Salary | |
| 36 | Duty-Station-Name | LA FERIA POST OFFICE | 75 | Annuity Amount | |
| 37 | Appt Expiration Date | 07-21-2002 | 76 | Red Circle Code | 0 |
| 38 | Probation Expir Date | | | | |

**NATURE OF PERSONNEL ACTION**

| 77 | Nature of Action Code | 171 | 78 | Authority | 39-USC SECT. 1001 |
|----|-----------------------|-----|----|-----------|-------------------|
| 79 | Description | RCR EMERGENCY APPT | 80 Code 517 | 81 Code 559 | 82 Code | 83 Code |

| 84 | Remarks |
|----|---------|

PHYSICAL QUALIFICATIONS PREVIOUSLY ESTABLISHED.  NEW MEDICAL CERTIFI
CATE NOT REQUIRED.
NOT TO EXCEED 07-22-2002
700/LA FERIA
LY080201

| 85 | Authorization GEORGE L LOPEZ, VICE PRESIDENT AREA OPERATIONS-SOUTHWEST AREA | 86 | Processed Date | 08-02-2001 |
|----|------|----|------|------|
| | | 87 | Personnel Office ID | TD58 |
| | | 88 | OPF Location | LA FERIA POST OFFICE |

PS Form 50, March 1990 (Exception to Standard Form 50)    2 - OPF COPY

| 01 | Effective Date | | NOTIFICATION of PERSONNEL ACTION | 02 | Social Security Number |
|---|---|---|---|---|---|
| | 07-14-2001 | | | | |

U. S. Postal Service

**EMPLOYEE INFORMATION**

| | | | | | |
|---|---|---|---|---|---|
| 03 | Employee Name-Last | SARMIENTO | 39 | FLSA Status | N - NON-EXEMPT |
| 04 | Employee Name-First | ERNESTO | 40 | Pay Location | 000 |
| 05 | Employee Name-Middle | G | 41 | Rural Carrier-Route | 001 |
| 06 | Mailing Address | ▓▓▓▓▓▓ | 42 | Rural Carr-L-Rte ID | |
| | Street/Box/Apts | | 43 | Rural Carr-Pay Type | K - 5 DAY HEAVY ROUTE |
| 07 | Mailing Address-City | ▓▓▓▓ | 44 | Rural Carr-Tri-Weekly | - |
| 08 | Mailing Address-State | ▓▓▓ | 45 | Rural Carr-FLSA | B |
| 09 | Mailing Address-Zip+4 | ▓▓▓▓ | 46 | Rural Carr-Commit | Y |
| 10 | Date of Birth | ▓▓▓▓ | 47 | Rural Carr-EMA | E - EQUIPMENT MAINT ALLOW |
| 11 | Veterans Preference | ▓▓▓ | 48 | Rural Carr-Hours | 46 |
| 12 | Sex | ▓ | 49 | Rural Carr-Miles | 053 |
| 13 | Minority | | 50 | Job Sequence | 1 |
| 14 | Disability | | 51 | Occupation Code | 2325-01XX |
| 15 | Leave Comp Date | 07-13-1978 | 52 | Position Title | RURAL CARRIER |
| 16 | Enter on Duty Date | 03-22-1980 | 53 | Functional Oper Nbr | 2500 |
| 17 | Retirement- Comp Date | 07-13-1978 | 54 | Designation/Activity | 71/0 |
| 18 | Serv Anniversary PPYR | | 55 | Position Type | 1 - FULL TIME |
| 19 | TSP Eligibility | Y - ELIGIBLE WITH DEDUCT | 56 | Limit Hours | |
| 20 | TSP Service Comp Date | | 57 | Allowance Code | |
| 21 | Prior CSRS Service | | 58 | Employment Type | |
| 22 | Frozen Csrs Time | | **SALARY INFORMATION** | | |
| 23 | Leave Data-Category | 8 - HOURS/PP | 59 | Pay Rate Code | P - SPECIAL RATE |
| 24 | Leave Data-Chg PPYR | | 60 | Rate Schedule Code | R - RURAL |
| 25 | Leave Data-Type | 1 - ADVANCED AT BEGINNING | 61 | Grade/Step | 00/12 |
| 26 | Credit Military Serv | | 62 | Base Salary | 47,533 |
| 27 | Retired Military | | 63 | Cola | |
| 28 | Retirement Plan | 5 - CSRS OFFSET | 64 | Cola Roll-In Ind | |
| 29 | Employee Status | | 65 | Next Step PPYR | |
| 30 | Life Insurance | J1 -Basic+OptA&1xB+1xOptC | 66 | Merit Anniv Date | |
| 31 | Special Benefits | | 67 | Merit Lump Sum | |
| **POSITION INFORMATION** | | | 68 | Special Salary Code | |
| 32 | Employ Office-Fin No | 48-4845 | 69 | Protected RSC | |
| 33 | Employ Office-Name | LA FERIA POST OFFICE | 70 | Protected Grade/Step | |
| | | | 71 | Expiration PP/YR | |
| 34 | Employ Office-Address | LA FERIA | 72 | Protected RC Hours | |
| | | TX 78559-9998 | 73 | Protected RC Miles | |
| 35 | Duty Station-Fin No | 48-4845 | 74 | RC Guaranteed Salary | 37,319 |
| 36 | Duty-Station-Name | LA FERIA POST OFFICE | 75 | Annuity Amount | |
| 37 | Appt Expiration Date | | 76 | Red Circle Code | 0 |
| 38 | Probation Expir Date | | | | |
| **NATURE OF PERSONNEL ACTION** | | | | | |
| 77 | Nature of Action Code | 904 | 78 | Authority | 39-USC SECT. 1001 |
| 79 | Description | CHANGE IN ROUTE | 80 Code | 81 Code | 82 Code | 83 Code |
| 84 | Remarks | | | | |

| 85 | Authorization | 86 | Processed Date | 07-18-2001 |
|---|---|---|---|---|
| | GEORGE L LOPEZ, VICE PRESIDENT | 87 | Personnel Office ID | TD58 |
| | AREA OPERATIONS-SOUTHWEST AREA | 88 | OPF Location | LA FERIA POST OFFICE |

PS Form 50, March 1990 (Exception to Standard Form 50)    2 - OPF COPY

| 01 | Effective Date | | NOTIFICATION of PERSONNEL ACTION | | 02 | Social Security Number | |
|---|---|---|---|---|---|---|---|
| | 10-06-2001 | | | | | ███████████ | |

U. S. Postal Service

**EMPLOYEE INFORMATION**

| | | | | | |
|---|---|---|---|---|---|
| 03 | Employee Name-Last | JUAREZ JR | 39 | FLSA Status | N - NON-EXEMPT |
| 04 | Employee Name-First | MAGDALENO | 40 | Pay Location | 000 |
| 05 | Employee Name-Middle | | 41 | Rural Carrier-Route | 002 |
| 06 | Mailing Address | ███████████ | 42 | Rural Carr-L-Rte ID | L |
| | Street/Box/Apts | | 43 | Rural Carr-Pay Type | K - 5 DAY HEAVY ROUTE |
| 07 | Mailing Address-City | ██████ | 44 | Rural Carr-Tri-Weekly | |
| 08 | Mailing Address-State | ██ | 45 | Rural Carr-FLSA | B |
| 09 | Mailing Address-Zip+4 | ██████ | 46 | Rural Carr-Commit | Y |
| 10 | Date of Birth | ████████ | 47 | Rural Carr-EMA | E - EQUIPMENT MAINT ALLOW |
| 11 | Veterans Preference | ████████ | 48 | Rural Carr-Hours | 41 |
| 12 | Sex | | 49 | Rural Carr-Miles | 051 |
| 13 | Minority | . | 50 | Job Sequence | 1 |
| 14 | Disability | | 51 | Occupation Code | 2325-01XX |
| 15 | Leave Comp Date | 12-30-1994 | 52 | Position Title | RURAL CARRIER |
| 16 | Enter on Duty Date | 06-01-1991 | 53 | Functional Oper Nbr | 2500 |
| 17 | Retirement- Comp Date | 02-27-1999 | 54 | Designation/Activity | 71/0 |
| 18 | Serv Anniversary PPYR | | 55 | Position Type | 1 - FULL TIME |
| 19 | TSP Eligibility | E - ELIGIBLE W/O DEDUCT | 56 | Limit Hours | |
| 20 | TSP Service Comp Date | 02-27-1999 | 57 | Allowance Code | |
| 21 | Prior CSRS Service | N | 58 | Employment Type | |
| 22 | Frozen Csrs Time | | | **SALARY INFORMATION** | |
| 23 | Leave Data-Category | 6 - HOURS/PP | 59 | Pay Rate Code | P - SPECIAL RATE |
| 24 | Leave Data-Chg PPYR | 02-2010 | 60 | Rate Schedule Code | R - RURAL |
| 25 | Leave Data-Type | 1 - ADVANCED AT BEGINNING | 61 | Grade/Step | 00/03 |
| 26 | Credit Military Serv | | 62 | Base Salary | 37,312 |
| 27 | Retired Military | | 63 | Cola | |
| 28 | Retirement Plan | 8 - FERS | 64 | Cola Roll-In Ind | |
| 29 | Employee Status | | 65 | Next Step PPYR | 16-2002 |
| 30 | Life Insurance | CO - Basic Only | 66 | Merit Anniv Date | |
| 31 | Special Benefits | | 67 | Merit Lump Sum | |
| | **POSITION INFORMATION** | | 68 | Special Salary Code | |
| 32 | Employ Office-Fin No | 48-4845 | 69 | Protected RSC | |
| 33 | Employ Office-Name | LA FERIA POST OFFICE | 70 | Protected Grade/Step | |
| | | | 71 | Expiration PP/YR | |
| 34 | Employ Office-Address | LA FERIA | 72 | Protected RC Hours | |
| | | TX 78559-9998 | 73 | Protected RC Miles | |
| 35 | Duty Station-Fin No | 48-4845 | 74 | RC Guaranteed Salary | 31,716 |
| 36 | Duty-Station-Name | LA FERIA POST OFFICE | 75 | Annuity Amount | |
| 37 | Appt Expiration Date | | 76 | Red Circle Code | 0 |
| 38 | Probation Expir Date | | | | |

**NATURE OF PERSONNEL ACTION**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 77 | Nature of Action Code | 904 | 78 | Authority | | 39-USC SECT. 1001 | | | | | | |
| 79 | Description | CHANGE IN ROUTE | 80 | Code | 81 | Code | 82 | Code | | | 83 | Code |
| 84 | Remarks | | | | | | | | | | | |

| 85 | Authorization | 86 | Processed Date | 10-10-2001 |
|---|---|---|---|---|
| | GEORGE L LOPEZ, VICE PRESIDENT | 87 | Personnel Office ID | TD58 |
| | AREA OPERATIONS-SOUTHWEST AREA | 88 | OPF Location | LA FERIA POST OFFICE |

PS Form 50, March 1990 (Exception to Standard Form 50)    2 - OPF COPY



**UNITED STATES POSTAL SERVICE®**

## EEO Complaint of Discrimination in the Postal Service

*(See Instructions and Privacy Act Statement on Reverse)*

| 1. Name  CARLOS G. CAVAZOS | 2. SSN  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 | 3. Case No.  4-G-780-0171-02 |
|---|---|---|

| 4a. Mailing Address – Street or PO Box  30777 FM 506 LA FERIA, TX 78559  Tx 5133 | 4b. City State & Zip +4  REP. |
|---|---|

| 5 Email Address*  MANDILON I @ AOL.COM | 6. Home Phone  (956) 797-2460 | 7. ~~Work~~ Phone TONY VEREB  (956) 547-9437 |
|---|---|---|

| 8. Position Title (USPS Employees Only)  N/A | 9. Grade Level (USPS Employees Only)  N/A | 10. Do you have any Veteran's Preference Eligibility?  ☐ Yes  ☒ No |
|---|---|---|

| 11 Installation Where You Believe the Discrimination Occurred  *(Identify Installation, City, State, and Zip+4)*  LA FERIA TX POST OFFICE | 12. Name and Title of Person(s) Who Took the Action(s) You Allege was Discriminatory  MR. GEORGE L LOPEZ, VICE PRES. AREA OP. SWEST AREA – AMONG POSSIBLY UNKNOWN OTHERS |
|---|---|

| 13a. Name of Your Designated Representative  ANTONIO VEREB (MA) | 13b. Title  REPRESENTATIVE |
|---|---|

| 13c. Mailing Address (Street or P.O .Box)  4690 BOCA CHICA | 13d. City, State and Zip +4  BROWNSVILLE, TX. 78521 |
|---|---|

| 13e. Email Address*  REFER TO (5.) | 13f. Home Phone  (956) 547-9437 | 13g. Work Phone  ( ) N/A |
|---|---|---|

| 14 Type of Discrimination You Are Alleging | | 15. Date on which alleged act(s) of Discrimination Took Place |
|---|---|---|
| ☒ Race (Specify): WHITE | ☒ Sex (Specify): MALE | 02-10 2001  AMONG |
| ☒ Color (Specify): ? | ☒ Age (40+) (Specify): OVER 40 | 02-10-2001  POSSIBLY |
| ☒ Religion (Specify): CATHOLIC | ☐ Retaliation (Specify): | 07-28-2001  OTHERS |
| ☒ National Origin (Specify): HISPANIC | ☐ AU ☒ Disability (Specify): | |

16. Explain the specific action(s) or situation(s) that resulted in you alleging that you believe you were discriminated against (treated differently than other employees or applicants) because of your race, color, religion, sex, age (40+), national origin, or disability. **Note that if your allegation is like or related to a previous complaint, that complaint may be amended. 29 C.F.R § 1614.106(d)**

SEE ATTACHED LETTER

17. What Remedy Are You Seeking to Resolve this Complaint?

To be given a position such as held previously, befitting my status and qualifications and back pay with all other benefits accruing, such as ins in service, pay increases, etc; and compensatory damages.

18. Did You Discuss Your Complaint with a *Dispute Resolution Specialist* or a *REDRESS™* mediator?

☐ Yes _____    ☒ No, NOT VERBALLY
  *(Date You Received the Notice of Final Interview)*

| 19a. Signature of Dispute Resolution Specialist  *Carmen Cantu* | 19b. Date  5-8-02 |
|---|---|
| 20. Signature of Complainant or Complainant's Attorney  X | 21. Date of this Complaint |

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

PS Form **2565**, March 2001 *(page 1 of 2)*

Carlos Cavazos        Case Number 4-G-780-0171-02

As I have stated from the beginning of this complaint process ,I was advised by
Mr.Walter Risedale ,the La Feria Postoffice Postmaster,and later by Juan Ayala,the
current postmaster at the La Feria Texas Postoffice,,both of whom told me that there had
been some changes ,of which they did not specify,and for me to go home on leave and
that I was to go home and wait to be called back to work in the near future.
At no time was my resignation mentioned nor did I sign any resignation forms or letters
as the subject of resignation was never discussed or mentioned.
I did not have any reason to resign as I was told by these two postmasters that they
promised me that they would call me back to work in the near future.
I was never advised by the Postmasters or any other management employees of any time
limits on filing a complaint,wrongful termination complaint or discrimination complaint
based on the fact that they were involved in terminating me without notice or due
process..The idea did not even enter my mind as I was counting on both their promises
that I was to go back to work soon.
I was never appraised of my due process rights until recently when I took it upon myself
to consult with an outside source as to what was happening to me and what might be the
status of my job.
I did not know and reasonably should have not known that the discriminatory matter or or
personnel action discriminatory to me had occurred,as I was not appraised ,advised ,or
informed .As per regulations book section 1614105(a.)(2)

-------------------------------------------------------------------------------

    Under regulations book section 1614105(a.)(2) Complaint Processing "the agency of
the Commission  shall extend the 45 day time limit in paragraph (a)(1) of this section,
when the individual shows that he or she was not notified of the time limits and was not
other wise aware these nthat he or she did not know and reasonably show not have known
that the discriminatory matter or personnel  action had occurred…….."

-------------------------------------------------------------------------------

It was only upon having received documents  as a result of my  FOIA/PA  request that
the Postal Service provided me with documentation on the personnel actions and
appropriate notifications on hires that had resulted in my loosing the position that I held
with the Postoffice in La Feria Texas ,and how other hires took that position away from
me without due process and without having any obvious advantages or qualifications for
the job eligibility over mine, and replaced me in the position that I already held. By
summarily dismissing me from that position without notifiying me or giving me due
process  and therefore deprived me of that position.These people ,such as Ms Delia
Villanueva,Lisa Sanchez and Juan Calderon,did not have any qualifications superior to
mine and their only advantages were  the fact that they were female and younger that me.
The 45 day limitations is in effect from the FOIA/PA Discovery information revealed on
April 16,2002 which is when I received first notification of personnel actions that had
resulted in management claiming that I had resigned my position with the La Feria Post
Office.,and therefore I am within the time limits parameters ,in additions to provisions of
CFR ,Chapter XIX 1614105Pre-complaint counseling (A.)(2)which would extend the 45

PAGE 3 of I

day limitation under the circumstances of the fact that I was told to wait for a phone call and never appraised of an adverse personnel action having occurred.

It is my contention that I should have been on the hiring worksheet /s of eligible candidates at all times as was discriminated against in the process under all basis of age,gender,disability,etc.,by my not being selected or given due process if not selected .

At this time I want to request complaint filing status and mediation for my complaint,under the redress program since the EO counselor did not meet the 30 day deadline specified for a reply to a request for counseling nor afforded me an opportunity for a personal  interview along with my representative in this complaint,Mr Antonio Vereb as specified by EEO Regulations.

I request that this complaint be elevated to the next step of the EEO complaint process. Keep in mind that other that this dates included in the FOIA/PA material sent to me ,I have no idea of other incidents or names of discrimination that may have occrueed to me during this time frame and I reserved the right to reveal further data at at further discovery opportunity as it occurs.

PAGE 4 of 7

U.S. Postal Service
## Information for Pre-Complaint Counseling

| Certified Mail No. | Date Mailed or Hand Delivered on |
|---|---|
| By (Initials) 70032602- 1759 | Case No. |

On __MARCH 14,2002__ , you requested an appointment with a Dispute Resolution Specialist.
    *(Month, Day, Year)*

**Important: Please read.** You should complete this form and return it to the EEO office within 10 calendar days of receipt. This is the only notification that you will receive regarding the necessity for you to complete this form.

### A. Requester Information

| Name (Last, First, MI) CARLOS CAVOZOS | Social Security No. SS0-54-3788 | Home Telephone No. (956) 797-2460 |
|---|---|---|

Your Mailing Address
30777 FM 506    LA FERIA TEXAS 78559

| Name of Postal Facility Where You Work LA FERIA POST OFFICE 123 W. FIRST ST,LA FERIA TEXAS 78559 | Office Telephone No. (956) 797-1812 |
|---|---|

| Address of Postal Facility 123 W. FIRST ST. LA FERIA TEXAS 78559 | Email Address* POSTMASTER REFUSED |
|---|---|

| Employment Status (Check One) RURAL MAIL CARRIER | Position Title RURAL MAIL CARRIER | Grade Level |
|---|---|---|
| ☐ Applicant  ☐ Casual  ☐ TE  ☒ Career | | |

| Pay Location LA FERIA TEX | Tour REGULAR | Duty Hours 7;00 TO 4;00 | Off Days (If Tour I, Show Nights Off) SUNDAY | Time in Current Position 16 Years  11 Months |
|---|---|---|---|---|

| Your Supervisor's Name WALTER RICEDALE/JUAN AYALA/SAM CARDENAS | Supervisor's Title POSTMASTER | Supervisor's Telephone No. (956) 797-1812 |
|---|---|---|

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

### B. Discrimination Factors

Prohibited discrimination includes actions taken based on your *Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Disability, or in Retaliation (actions based on your participation in prior EEO activity)*. These categories are referred to on this form as factors.

What factor(s) of Discrimination are you alleging? (Please be specific, i.e., Race-African American, Sex-Female). A YOUNG FEMALE WAS HIRED TO REPLACE ME AND THE DECISION TO DISMISS ME WAS MADE IN RETALIATION FOR MY ASKING FOR MY STATUS

OF EMPLOYMENT AND MY DISMISSAL DECISION WAS MADE BY WALTER RICEDALE AND JUAN AYALAPOSTMASTERS

*For Retaliation Allegations Only.* If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity that you feel caused you to be retaliated against.

1. On 10/XX/2001 , I engaged in EEO activity. Case No. NOT YET ASWSIGNED
   *(Month, Day, Year)*

2. On 03/14/2002 , I engaged in EEO activity. Case No. NOT YET ASSIGNED
   *(Month, Day, Year)*

### C. Description of Incident/Action

Please use the space below to briefly describe the incident or action that prompted you to seek EEO counseling at this time.

On OCTOBER 26, , 20 00 ,
    *Month, Day*      *Year*

I RECEIVED A CHECK-LIST(SEE COPY ATTACHED)DATED 10/15/2001 THAT SEEMED TO INDICATE THE I HAD

RESIGNED MY JOB AND A PAYCHECK STUB DATED 10/26/2001 AND I CALLED IN AND THE POSTMASTER TOLD

ME TO STAY HOME AND HE WOULD CALL ME BACK FOR AN INTERVIEW TO DISCUSS THE NOTICES. WHEN

MANY MONTHS WENT BY AND HE FAILED TO CALL ME I STARTED TO ASK AROUND FOR ADVISE IN HOW TO

GET THE POSTMASTER TO ADDRESS ME AND ADVISE ME OF MY EMPLOYMENT STATUS AND I WAS TOLD

THAT I HAVE APPEAL AND EEO RIGHTS THAT I CAN UTILIZED TO GET THE POSTAL SERVICE TO ADDRESS

THIS SITUATION. I CALLED THE CURRENT POSTMASTER JUAN AYALA AND HE TOLD ME "IT WAS NOT MY

FAULT THAT YOU WERE TERMINATED "AND HE INFERRED THAT THE DECISSION WAS MADE BY THE PRIOR POS

POSTMASTER WHO IS AN ANGLO AND IN RETALIATION FOR MY INQUIRING ABOUT WHY I WAS REPLACED

BY A YOUNGER FEMALE RURAL ROUTE CARRIER AND PUT INTO A SEASONAL ROUTE WIHTOUT NOTICE

PS Form 2544-A, March 2001 (Page 1 of 3)

## D. Comparisons

Explain why, based on the factors you cited in Section B, you believe that you were treated differently than other employees or applicants in similar situations

**1.** WALTER RICEDALE
(Name of Employee)

WHITE ANGLO SAXON MALE WHO MADE THE DICISION TO TERMINATE ME
Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: WHEN I STARTED MAKING INQUIRIES ABOUT THE REASON WHY I WAS REPLACE IN MY RURAL ROUTE BY A YOUNGER WHITE HISPANIC FEMALE AND WHY I WAS PUT IN A SEASONAL MAIL ROUTE WITH OUT ANY EXPLANATION OR DUE PROCESS. THE CURRENT POSTMASTER ANSWERED ME ON 3/14/2002 BY THE FOLLOWING REMARK "iT WAS NOT MY FAULT" IMPLYING THAT THE PRIOR POSTMASTER WALTER RICEDALE WAS THE ON

**2.** JUAN AYALA
(Name of Employee)

A YOUNGER THAN MYSELF, WHITE HISPANIC POSTMASTER
Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: JUAN AYALA RESPONDED ON MARCH 14 2002 "IT WAS NOT MY FAULT" AND IMPLYING THAT THE DECISION TO TERRMINATED ME WAS MADE BY WALTER RICELAND AND IN RETALTATION FOR MY INQUIRING ON WHY A YOUNGER FEMALE WAS HIRED TO REPLACE ME AND I WAS TRANSFERRED TO A SEASONAL ROUTE WHITOUT EXPLANATION OR DUE PORCESS.

**3.** SALVADOR SAALINAS
(Name of Employee)

WHITE HISPANIC POSTMASTER WHO HIRED ME ON 1984
Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: SALVADOR SALINAS HIRED ME WITHOUT PREJUDICE IN 1984 AND I HAD BEEN FULLY EMPLOYED UNTIL NOW

## E. Official(s) Responsible for Action(s)

List the name(s) of the official(s) who took the action that prompted you to seek counseling at this time.

| 1a. Name POSTMASTER WALTER RICEDALE | b. Title POSTMASTER |
|---|---|
| c. Office LA FERIA POST OFFICE 123 1ST ST.LA FERIA TEXAS | d. Grade Level POSTMASTER |
| 2a. Name JUAN AYALA | b. Title POSTMASTER |
| c. Office 123 FIRST ST.LA FERIA TEXAS | d. Grade Level POSTMASTER |

**Retaliation Allegations Only:** Was/were the official(s) listed in Section D above aware of your prior EEO activity?

☐ No  ☒ Yes  If yes, explain how the official(s) became aware: HE WAS THE PERSON IN CHAGE AND POSTEMASTER WHEN I
I ENQUIRED AS TO WHY A YOUNGER WHITE FEMALE HISPANIC WAS HIRED TO REPLACE ME WIHTOUT NOTICE OR DUE PROCESS. I GUESS I MADE A PEST OF MY SELF BY CALLING IN AND ASKING FOR AN EXPLANTIONN AND THEY DECIDED TO GET BACK AT ME BY DISMISSAL WIHTOUT THE BENEFIT OF EXPLANATION OR DUE PROCESS

## F. Resolution

What are you seeking as a resolution to your pre-complaint?
I WANT TO HAVE MY RIGHTS RESTORED TO ME AND DUE PROCESS AND PROPER NOTICES GIVEN AND TO BE AFFORDED THE OPPORTUNITY TO APPEAL MY CASE ACTION
I WOULD LKIE TO BE RESTORED TO MY JOB AND PAID BACK PAY FOR ALL THE TIME LOST AND NO SALARY PAID TO ME  I WANT AN INVESTIGATION TO BE MADE OF THE LA FERIA TEXAS POSTAL SERVICE OFFICE TO SEE H OW JOB VACANCY ANNOUNCEMNTS AND DUE PROCESS PERSONNEL ACTIONS THEY CAN DO THIS KIND OF OPERATIONS WIHTOUT POSTING

## G. Grievance/MSPB Appeal

On the incident that prompted you to seek EEO counseling, have you:

1. Filed a grievance on the same issue?  ☒ No  ☐ Yes  If yes, _____ (Date) _____ (Current Step)

2. Filed a MSPB appeal on this issue?  ☒ No  ☐ Yes  If yes, _____ (Date Appeal Filed)

## H. Anonymity

You have the right to remain anonymous during the pre-complaint process.

Do you desire anonymity?  ☒ No   ☐ Yes

## I. Representation

You have the right to retain representation of your choice. (check one)

☐ I waive the right to representation at this time.   ☒ I authorize the person listed below to represent me.

| Name of Representative ANTONIO VEREB, MA | Representative's Title CIVIL SERVICE RETIRED EMPLOYEE |
|---|---|
| Organization RETIRED CIVIL SERVICE | Telephone Number (956 )547-9437 | Email Address* MANDILON1@AOL.COM |

Mailing Address (Street or P.P. Box, City, State and Zip +4)

* Providing this information will authorize the U.S. Postal Service to send your representative important documents electronically.

## J. Documentation

Please attach any documentation you wish to submit to support your allegation(s). Include a copy of any written action(s) that caused you to seek counseling at this time.

Note: If you are alleging mental and/or physical disability, it is important for you to submit medical documentation of your disability during the pre-complaint process.

## K. Privacy Act Notice

**Privacy Act Notice.** The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses.

grants or other benefits; to a congressional office at your request, to a expert, consultant or other person under contract with the USPS to fulfill a agency function; to the Federal Records Center for storage; to the Office o Management and Budget for review of private relief legislation; to a independent certified public accountant during an official audit of USP finances; to an investigator, administrative judge or complaints examine appointed by the Equal Employment Opportunity Commission fo investigation of a formal EEO complaint under 29 CFR 1614; to the Meri Systems Protection Board or Office of Special Counsel for proceedings o investigations involving personnel practices and other matters within thei jurisdiction; and to a labor organization as required by the National Labo Relations Act. Under the Privacy Act provision, the information requested i voluntary for the complainant, and for Postal Service employees and othe witnesses.

## L. Authorization

I am aware that the claim(s) contained herein shall by-pass the pre-complaint process *if* like or related to a formal complaint that I have already filed, or *if* the claim(s) constitutes a spin-off complaint. (A spin-off complaint contests the manner in which a previously filed complaint is being processed.) In completing this PS Form 2564-A, *Information for Pre-complaint Counseling*, I recognize that the Manager, Disputes Resolution will review the claim(s) contained herein and determine how they shall be processed. I will be notified, in writing, if the Manager determines that my claim(s) shall be processed as amendments or appendages to a formal complaint that I have already filed.

Please print your name here

CARLos CAVAZos

| Your Signature | Date signed 05-13-02 |
|---|---|

## Please return this form to:

MANAGER EEO DISPUTE RESOLUTION
RIO GRANDE DISTRICT
PO BOX 33010
SAN ANTONIO, TX 78265-3010

PS Form **2564-A**, March 2001 *(Page 3 of 3)*



## UNITED STATES POSTAL SERVICE®

# Notice of Right to File Individual Complaint

| TO: Name *(First, MI, Last)* | Re: Case No. |
|---|---|
| **CARLOS CAVAZOS** | **4-G-780-0171-02** |

This notice will attest to the fact that on __*__, I advised you of the actions taken concerning the alleged discrimination that you brought to my attention. If the matters that you raised during the pre-complaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date you received this notice. If you decide to file a formal complaint, your complaint must be put in writing and signed by you or your attorney, if you retain one to represent you. I am providing you with *PS Form 2565, EEO Complaint of Discrimination in the Postal Service*, for this purpose. The complaint must be delivered to:

EEO COMPLIANCE & APPEALS
SOUTHWEST AREA OFFICE
PO BOX 223863
DALLAS TX 75222-3863

**\* date PS Form 3811 signed**
**7000 1530 0000 5555 3652**

Your complaint will be deemed timely filed if it is received at this address before the expiration of the 15-day filing period, or if it bears a postmark that is dated before the expiration of the filing period. In the absence of a legible postmark, it must be received by mail within 5 calendar days of the expiration of the filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, age (40+), national origin, disability or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination. A complaint must contain the following information:

(1) **Your name, address, position, and level;**

■ If you change your address, you have a regulatory requirement to immediately report the change to the Manager, EEO Compliance and Appeals, in your area. *(If you are employed at Postal Service Headquarters, a Headquarters Field Unit or by the Postal Inspection Service, you should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)*

(2) **The specific action or matter complained of, the date of occurrence, and the names of the official(s) who took the alleged discriminatory action at issue in this complaint;**

(3) **The specific type of discrimination alleged, e.g. race – African American, sex - female, etc.;**

■ If you allege disability discrimination, the alleged disability must be more than a temporary condition.
■ If you allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.

(4) **A brief statement of the facts that led you to believe you were discriminated against and the names of similarly situated individuals whom you believe were treated differently than you.**

■ If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.
■ If you allege retaliation, you must show a connection between the action at issue in the complaint your are filing and your past EEO activity. You must also show that when the alleged discriminatory action at issue in this complaint occurred, the management who took the action was aware that you had previously engaged in protected activity.

(5) **The name of the EEO Dispute Resolution Specialist who provided you with this notice and the date you received this Notice of Right to File.**

### Privacy Act Notice

**Privacy Act Notice.** The collection of this information is authorized by The Equal Employment Opportunity Act of 1972; 42 U.S.C. § 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which US POS is a party of has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for the Postal Service employees and other witnesses.

| Signature of Dispute Resolution Specialist | Date | Your Signature | Date Received |
|---|---|---|---|
| *Carmen Contu* | 05/08/2002 | ✓ | 05-13-02 |

*Dispute Resolution Specialist: If you are mailing this Notice, you must send it by Certified Mail, Return Receipt Requested*

PS Form 2579-A, March 2001

HUMAN RESOURCES
RIO GRANDE DISTRICT

 **UNITED STATES
POSTAL SERVICE**

March 26, 2002

Carlos Cavazos                Certified No. 7001 0320 0000 4990 6584
30777 FM 506                  Return Receipt Requested
La Feria, Tx 78559-6133

Dear  Mr. Cavazos:

This is to acknowledge receipt of your request(s) for pre-complaint counseling
under the Equal Employment Opportunity complaint processing procedures.
Information for Pre-Complaint Counseling, PS Form(s) 2564-A, for you to
complete, and return to this office within 10 calendar days from the date you
receive this letter.   Be sure to include the dates that each incident occurred on.
Also, enclosed is a copy of "What You Need to Know About EEO," publication
133, which explains the EEO administrative complaint process, as well as your
rights and responsibilities under the EEO process. Please review the contents of
the EEO booklet carefully and keep it for your personal use. Sign, date and
return the certification receipt acknowledging your receipt of the EEO booklet
when you return your completed PS Form 2564-A.

To expedite your request for EEO counseling, the Postal Service may offer you
an opportunity to mediate your complaint under the REDRESS Program.
**REDRESS (Resolve Employment Disputes, Reach Equitable Solutions
Swiftly),** is a recently implemented program that gives you the opportunity to
mediate your dispute in lieu of the traditional pre-complaint counseling. The
mediation will be conducted by a non-Postal Service neutral third party. The
mediator will help facilitate a discussion between you and the person you have
named as the responsible official. Mediation is not a process intended to
determine winners or losers or to punish participants, but rather to amiably
resolve the issue(s).

If you elect to participate in mediation, you **DO NOT** waive any of your rights
under the EEO process. If a resolution **IS NOT** reached during mediation, you
will be mailed appeal rights to file a formal EEO complaint. As in the traditional
EEO complaint processing procedures, in mediation you also have the right to
be accompanied by a representative of your choice. **REDRESS mediation is
fast, informal, impartial, free and confidential.   It is an additional
opportunity to be heard and possibly have your issues resolved sooner.
Enclosed is a brochure that explains the REDRESS program.**

If you are not sure about the benefits in processing your EEO complaint through mediation, but would like additional information about how mediation works, please contact anyone of the EEO Dispute Resolution Specialists at (210) 368-1616. Although most cases are accepted for mediation, please be advised that the Postal Service may decline your request for mediation in certain situations, in such a case you will be allowed to continue the counseling process.

**If you are interested in taking advantage of mediation under the REDRESS program, please sign, date and return the enclosed PS Form 2567-B, Agreement to Participate in Alternative Dispute Resolution (ADR) Process.** To expedite the processing of your EEO complaint **all the enclosed forms** must be returned within 10 calendar days of receipt of this letter. If you have any questions, feel free to contact the EEO office at (210) 368-1616.

Sincerely,

Margaret T. Ayala
Manager EEO Dispute Resolution

Enclosures

PO Box 33010
San Antonio, TX 78265-3010

**UNITED STATES**
**POSTAL SERVICE**

CORPUS CHRISTI TX 78469-9998

May 8, 2002

CARLOS CAVAZOS                          CERTIFIED NO: 7000 1530 0000 5555 3652
30777 FM 506                            RETURN RECEIPT REQUESTED
LA FERIA TX 78559-6133                  CASE NO: 4G-780-0087-02    *incorrect.*

Dear Mr. Cavazos:

Reference is made to your complaint of discrimination filed on March 23, 2001 with the Rio Grande District Office in which you alleged that because of age and sex you were terminated because you asked about your employment status when a young female was hired to replace you.

Inquiries revealed that you were informed of your employment status when you received the PS Form 50 dated October 15, 2001, which you attached to your request for counseling,. This form explicitly stated that you had resigned effective October 15, 2001. Review of records revealed that the last female hired was on September 11, 1999. She was hired as a Rural Carrier Associate; you were not on hiring worksheet from which she was hired; therefore, you could not be considered. You at that time were a rural carrier relief who had not passed the rural carrier exam. Records also revealed that you had not worked for at least 18 months prior to PS Form 50 being issued October 15, 2001.

EEOC regulations state that a complainant has 45 days from the date of incident or the date that a personnel action became effective to contact the EEO office on a complaint. The date of your termination was October 15, 2001; you did not file this complaint until March 23, 2001. Therefore, it appears that your complaint is untimely and may be rejected.    2

However, you do have the right to file a formal complaint within fifteen (15) calendar days after receipt of this notice. Under the new procedures, the complaint must be in writing, signed by you, on the enclosed PS Form 2565, (EEO Complaint of Discrimination) and mailed to: Appeals Center, PO Box 223863, Dallas, Tx 75222-3863. Failure to respond to this notice within the set time frame could result in your complaint being closed for failure to prosecute.

Enclosed is PS Form 2579-A (Notice of Right to File Individual Complaint), which is your Notice of Final Interview. Please read, sign, and date, where it states Signature of Counselle, and return the original forms back to me at the address listed below no later than fifteen (15) days after receipt of this letter. You may keep a copy of Notice of Final Interview for your records. PLEASE DO NOT SEND PS FORM 2565 TO THIS ADDRESS AS THIS WILL ONLY DELAY THE PROCESS SINCE IT HAS TO GO TO DALLAS, TX.

*Carmen Cantu*

CARMEN CANTU
EEO DISPUTE RESOLUTION SPECIALIST
809 NUECES BAY BLVD
CORPUS CHRISTI TX 78469-0402

FAX:

## 400.735-60

ims from or by the Government (18 [U.]S.C. 285).

[n]) The prohibitions against political [act]ivities in subchapter III of chapter [3] of title 5, United States Code and 18 [U.]S.C. 602, 603, 607, and 608.

[i]) The prohibition against an em[plo]yee acting as the agent of a foreign

principal registered under the Foreign Agents Registration Act (18 U.S.C. 219).

(r) *Penalties:* The following table, copied from the Federal Personnel Manual, lists maximum penalties for some of the more serious offenses.

| Prohibition | Statute and United States Code | Maximum penalty |
|---|---|---|
| Gifts to official superiors | 5 U.S.C. 7351 | Removal. |
| Conflicts of interest | | |
| Receiving compensation in relation to claims contracts, etc. | 18 U.S.C. 203 | $10,000 fine; 2 years imprisonment or both, and removal. |
| Prosecuting claims against and other matters affecting the Government. | 18 U.S.C. 205 | $10,000 fine; 2 years imprisonment or both. |
| Receiving salary in money matters connected with former duties—disqualification of partners. | 18 U.S.C. 207 | $10,000 fine; 2 years imprisonment or both. |
| Interested persons acting as Government agents. | 18 U.S.C. 208 | $10,000 fine; 2 years imprisonment or both. |
| Sales from other than Government sources. | 18 U.S.C. 209 | $5,000 fine; 1 year imprisonment or both. |
| Lobbying with appropriated funds | 18 U.S.C. 1913 | $500 fine; 1 year imprisonment or both; and removal. |
| Denial of rights to petition Congress | 5 U.S.C. 7102 | No special penalty provided. |
| Failure to make return or report | 18 U.S.C. 2075 | $1,000 fine. |
| Disloyalty and striking | 5 U.S.C. 7311; 18 U.S.C. 1918. | $1,000 fine, 1 year and a day imprisonment or both; and removal. |
| Employment of member of proscribed communist organization | 50 U.S.C. 784 et seq | $10,000 fine; 5 years imprisonment or both; and removal. |
| Disclosure of classified information | 18 U.S.C. 798, 50 U.S.C. 783. | $10,000 fine; 10 years imprisonment or both, and removal. |
| Disclosure of confidential information | 18 U.S.C. 1905 | $1,000 fine; 1 year imprisonment or both; and removal. |
| Habitual use of intoxicants to excess | 5 U.S.C. 7352 | Removal. |
| Misuse of Government vehicles | 31 U.S.C. 638a(c) | Removal. |
| Misuse of franking privilege | 18 U.S.C. 1719 | $300 fine. |
| Deceit in examinations and personnel actions. | 5 U.S.C. 1917 | $1,000 fine; 1 year imprisonment or both. |
| Fraud and false statements in Government matters. | 18 U.S.C. 1001 | $10,000 fine; 5 years imprisonment or both. |
| Unlawful mutilating or destroying public records. | 18 U.S.C. 2071(b) | $2,000 fine; 3 years imprisonment or both; and removal. |
| Bribery and graft: | | |
| Bribery of public officials | 18 U.S.C. 201 | $20,000 fine or three times the money or thing of value involved, whichever is greater, 15 years imprisonment or both; and removal. |
| Acceptance or solicitation to obtain appointive office. | 18 U.S.C. 211 | $1,000 fine; 1 year imprisonment or both. |
| Counterfeiting and forgery of transportation requests. | 18 U.S.C. 508 | $5,000 fine; 10 years imprisonment or both. |
| Embezzlement and theft. | | |
| Taking money, property, or records | 18 U.S.C. 641 | $10,000 fine; 10 years imprisonment or both. |
| Failure to render accounts for public money. | 18 U.S.C. 643 | Fine equal to amount embezzled; imprisonment not more than 10 years, or both. |
| Wrongfully converting property of another | 18 U.S.C. 654 | Same as penalty immediately above |
| Taking or using papers related to claims | 18 U.S.C. 285 | $5,000 fine; 5 years imprisonment or both. |

## Subpart F—Disciplinary Actions and Penalties

**400.735-60 Disciplinary actions.**

The Service shall take prompt dis[cip]linary action against an employee [per]mitting prohibited activity, or [wh]ose conduct is prejudicial to the best

interests of the Service, or of a nature to bring discredit to it. There are four major types of disciplinary action possible, following the above proceedings.

(a) *Reprimand.* An official reprimand usually shall be issued to an employee or special Government employee for a first offense which is not serious.

## 29 CFR Ch. XII (7-1-01 Edition)

(b) *Suspension.* Under Civil Service and Federal Mediation and Conciliation Service regulations, an employee or special Government employee may be suspended without pay during the course of an investigation of alleged criminal, infamous, dishonest, immoral, or notoriously disgraceful conduct. Also, an employee may be suspended without pay for a definite period of time because of some offense of a less serious nature for which more drastic action is not justified.

(c) *Demotion.* When such action will "promote the efficiency of the Service," an employee or special Government employee may be demoted because of some offense for which more drastic action is not justified.

(d) *Separation.* The Service is responsible for the prompt dismissal of unsatisfactory, incompetent, or unfit employees. Separation (dismissal or removal) can be the penalty for a single breach of conduct that is extremely serious in nature.

## § 1400.735-61 Notice to and appeal of employee.

The Director of Administrative Management will prepare charges and institute proceedings, which in all cases will be in accordance with Civil Service procedures for disciplinary actions against status employees. Such proceedings will include notification to the employee of his appeal rights.

## APPENDIX TO PART 1400—CODE OF PROFESSIONAL CONDUCT FOR LABOR MEDIATORS

### PREAMBLE

The practice of mediation is a profession with ethical responsibilities and duties. Those who engage in the practice of mediation must be dedicated to the principles of free and responsible collective bargaining. They must be aware that their duties and obligations relate to the parties who engage in collective bargaining, to every other mediator, to the agencies which administer the practice of mediation, and to the general public.

Recognition is given to the varying statutory duties and responsibilities of the city, State and Federal agencies. This code, however, is not intended in any way to define or adjust any of these duties and responsibilities, nor is it intended to define when and in what situations mediators from more than one agency should participate. It is, rather,

## Federal Mediation and Conciliation Service

a personal code relating to the conduct of the individual mediator.

This code is intended to establish principles applicable to all professional mediators employed by city, State or Federal agencies or to mediators privately retained by parties.

*1. The responsibility of the mediator to the parties.* The primary responsibility for the resolution of a labor dispute rests upon the parties themselves. The mediator at all times should recognize that the agreements reached in collective bargaining are voluntarily made by the parties. It is the mediator's responsibility to assist the parties in reaching a settlement.

It is desirable that agreement be reached by collective bargaining without mediation assistance. However, public policy and applicable statutes recognize that mediation is the appropriate form of governmental participation in cases where it is required. Moreover, parties at times look to the mediator for guidance. Whether and when a mediator should intercede will normally be influenced by the desires of the parties. Intercession by a mediator on his own motion should be limited to exceptional cases.

The mediator must not consider himself limited to keeping peace at the bargaining table. His role should be one of being a resource upon which the parties may draw and, when appropriate, he should be prepared to provide both procedural and substantive suggestions and alternatives which will assist the parties in successful negotiations.

Since mediation is essentially a voluntary process, the acceptability of the mediator by the parties as a person of integrity, objectivity, and fairness is absolutely essential to the effective performance of the duties of the mediator. The manner in which the mediator carries out his professional duties and responsibilities will measure his usefulness as a mediator. The quality of his character as well as his intellectual, emotional, social and technical attributes will reveal themselves by the conduct of the mediator and his oral and written communications with the parties, other mediators and the public.

*II. The responsibility of the mediator toward other mediators.* A mediator should not enter any dispute which is being mediated by another mediator or mediators without first conferring with the person or persons conducting such mediation. The mediator should not intercede in a dispute merely because another mediator may also be participating. Conversely, it should not be assumed that the lack of mediation participation by one mediator indicates a need for participation by another mediator.

In those situations where more than one mediator is participating in a particular case, each mediator has a responsibility to keep the others informed of developments which are essential to a cooperative effort,

*Grievance* has the meaning given that term in section 7103(a)(9) of title 5, United States Code, and (with respect to members of the Foreign Service) in section 1101 of the Foreign Service Act of 1980 (22 U.S.C. 4131). Such a grievance includes a grievance processed under an agency administrative grievance system, if applicable.

*Pay, allowances, and differentials* means pay, leave, and other monetary employment benefits to which an employee is entitled by statute or regulation and which are payable by the employing agency to an employee during periods of Federal employment. Agency contributions to the Thrift Savings Plan, are not covered.

*Unfair labor practice* means an unfair labor practice described in section 7116 of title 5, United States Code.

§ 550.804 Determining entitlement to back pay.

(a) When an appropriate authority as determined that an employee was affected by an unjustified or unwarranted personnel action, the employee shall be entitled to back pay under section 5596 of title 5, United States Code, this subpart only if the appropriate authority finds that the unjustified or

---

unwarranted personnel action resulted in the withdrawal, reduction, or denial of all or part of the pay, allowances, and differentials otherwise due the employee.

(b) The requirement for a "timely appeal" is met when—

(1) An employee or an employee's personal representative initiates an appeal of grievance under an appeal of a 2-year statute of limitations (3 years for willful violations) in 29 U.S.C. 255a. (See also § 551.702 of this chapter.)

(c) The requirement for an "administrative determination" is met when adjustment, reduction, or denial of all or part of the pay, allowances, and differentials otherwise due an employee—

(d) The requirement for "correction of the personnel action" is met when an appropriate authority, consistent with law, Executive order, rule, regulation, or mandatory personnel policy established by an agency or through a collective bargaining agreement, corrects or directs the correction of an unjustified or unwarranted personnel action that resulted in the withdrawal, reduction, or denial of all or part of the pay, allowances and differentials otherwise due the employee.

[46 FR 58275, Dec. 1, 1981, as amended at 60 FR 7040, Sept. 11, 1995; 64 FR 69378, Dec. 10, 1999]

---

§ 550.805 Back pay computations.

(a) When an appropriate authority corrects or directs the correction of an unjustified or unwarranted personnel action that resulted in the withdrawal, reduction, or denial of all or part of the pay, allowances, and differentials otherwise due an employee—

(1) The employee shall be deemed to have performed service for the agency during the period covered by the corrective action; and

(2) The agency shall compute for the pay, allowances, and differentials the employee would have received if the unjustified or unwarranted personnel action had not occurred.

(b) In computing the amount of back pay under section 5596 of title 5, United States Code, and this subpart than under any applicable law, rule, regulation, or collective bargaining agreement.

[46 FR 58275, Dec. 1, 1981, as amended at 64 FR 72458, Dec. 28, 1999]

532

cluding, but not limited to, the following types of deductions, as applicable:

(i) Mandatory employee retirement contributions toward a defined benefit plan, such as the Civil Service Retirement System or the Federal Employees Retirement System;

(ii) Social Security taxes and Medicare taxes;

(iii) Health benefits premiums, if coverage continued during a period of erroneous retirement (with paid premiums recoverable for the retirement system) or is retroactively reinstated at the employee's election under 5 U.S.C. 8908(a).

(iv) Life insurance premiums if—

*Period of erroneous retirement:*

(A) Coverage continued during a period of erroneous retirement;

(B) Coverage suspension or separation and erroneous suspension suffered death or accidental dismemberment during that period (consistent with 5 U.S.C. 8706(d)); or

(C) Additional premiums are owed because of a retroactive increase in basic pay; and

(v) Federal income tax withholdings.

(Note to paragraph (e)(3): See appendix A to this subpart for additional information on computing certain deductions.)

(f) For the purpose of computing the amount of back pay under paragraph (e) of this section, interest shall be included in the amount from which deductions for erroneous payments are made, as required by § 550.805(e)(2) of this part.

(g) An agency shall credit annual leave restored to an employee as a result of the correction of an unjustified or unwarranted personnel action in excess of the maximum leave accumulation authorized by law to a separate leave account for use by the employee. The employee shall schedule and use annual leave in such a separate leave account as follows:

(1) A full-time employee shall schedule and use excess annual leave of 416 ...

§ 550.806   Interest computations.

(a)(1) Interest begins to accrue on the date or dates (usually one or more dates) on which the employee would have received the pay, allowances, and differentials if the unjustified or unwarranted personnel action had not occurred.

(b) In computing the amount of interest ...

[illegible obscured region]

[46 FR 58275, Dec. 1, 1981, as amended at 53 FR 10072, May 20, 1988, and 53 FR 45886; 53 FR 18272, May 20, 1988, and 53 FR 45886, Dec. 10, 1999]

533

ney fees.

(a) An employee or an employee's representative may request reasonable attorney fees related to an unjustified or unwarranted personnel action that resulted in the withdrawal, reduction, or denial of all or part of the pay, allowances, and differentials otherwise due the employee. Such a request may be presented only to the appropriate authority that corrected the unwarranted personnel action. However, if the finding that provides the basis for correction of the unjustified or unwarranted personnel action that resulted in the withdrawal, reduction, or denial of all or part of the pay, allowances, and differentials otherwise due an employee, the payment of reasonable attorney fees shall be deemed to be warranted only if—

(b) The appropriate authority shall provide an opportunity for a request for provide an opportunity for a request for payment of reasonable attorney fees.

(c) Except as provided in paragraph (d) of this section, when an appropriate authority or directs the correction of an unjustified or unwarranted personnel action that resulted in the withdrawal, reduction, or denial of all or part of the pay, allowances, and differentials otherwise due an employee, the payment of reasonable attorney fees shall be deemed to be warranted only if—

(1) Such request is presented to the appropriate authority by the appropriate authority in accordance with standards established by the Merit Systems Protection Board under section 7701(g) of title 5, United States Code; and

(2) There is a specific finding by the appropriate authority setting forth the reasons such payment is in the interest of justice.

(2) When an appropriate authority determines that such payment of attorney fees is warranted, it shall require payment of attorney fees in an amount determined by the appropriate authority to be reasonable by the appropriate authority. When an appropriate authority determines that such payment is not ...

[53 FR 18272, May 20, 1988, and 53 FR 45886; Nov. 15, 1988; 64 FR 69372, Dec. 10, 1999]

*Grievance* has the meaning given that term in section 7103(a)(9) of title 5, United States Code, and (with respect to members of the Foreign Service) in section 1101 of the Foreign Service Act of 1980 (22 U.S.C. 4131). Such a grievance includes a grievance processed under an agency administrative grievance system, if applicable.

*Pay, allowances, and differentials* means pay, leave, and other monetary employment benefits to which an employee is entitled by statute or regulation and which are payable to the employing agency to an employee during periods of Federal employment. Agency and employee contributions to a retirement investment fund, such as the Thrift Savings Plan, are not covered. Monetary benefits payable to separated or retired employees based upon a separation from service, such as retirement annuity payments, severance payments, and lump-sum payments for annual leave, are not covered.

*Unfair labor practice* means an unfair labor practice described in section 7116 of title 5, United States Code, and (with respect to members of the Foreign Service) in section 1015 of the Foreign Service Act of 1980 (22 U.S.C. 4115).

*Unjustified or unwarranted personnel action* means an act of commission or an act of omission (i.e., failure to take an action or confer a benefit) that an appropriate authority subsequently determines, on the basis of substantive or procedural defects, to have been unjustified or unwarranted under applicable law, Executive order, rule, regulation, or mandatory personnel policy established by an agency or through a collective bargaining agreement. Such actions include personnel actions and pay actions (alone or in combination).

[6 FR 58275, Dec. 1, 1981, as amended at 60 FR 47040, Sept. 11, 1995; 64 FR 69178, Dec. 10, 1999]

**§ 550.804 Determining entitlement to back pay.**

(a) When an appropriate authority has determined that an employee was affected by an unjustified or unwarranted personnel action, the employee shall be entitled to back pay under section 5596 of title 5, United States Code, and this subpart only if the appropriate authority finds that the unjustified or

unwarranted personnel action resulted in the withdrawal, reduction, or denial of all or part of the pay, allowances, and differentials otherwise due the employee.

(b) The requirement for a "timely appeal" is met when—

(1) An employee or an employee's personal representative initiates an appeal or grievance under an appeal or grievance system, including an appeal or grievance procedures included in a collective bargaining agreement, a claim against the Government of the United States, a discrimination complaint, or an unfair labor practice charge; and

(2) An appropriate authority accepts that appeal, grievance, claim, complaint, or charge as timely filed.

(c) The requirement for an "administrative determination" is met when an appropriate authority determines, in writing, that an employee has been affected by an unjustified or unwarranted personnel action that resulted in the withdrawal, reduction, or denial of all or part of the pay, allowances, and differentials otherwise due the employee.

(d) The requirement for "correction of the personnel action" is met when an appropriate authority, consistent with law, Executive order, rule, regulation, or mandatory personnel policy established by an agency or through a collective bargaining agreement, takes a review, corrects or directs the correction of an unjustified or unwarranted personnel action that resulted in withdrawal, reduction, or denial of all or part of the pay, allowances, and differentials otherwise due the employee.

(e)(1) The pay, allowances, and differentials paid as back pay under this subpart (including payments under any grievance or arbitration decision or any settlement agreement) may not exceed that authorized by applicable law, rule, regulation, or collective bargaining agreement under which the employee [text obscured]

of the filing of a timely appeal, or, absent such filing, the date of the administrative determination that the employee is entitled to back pay, consistent with 31 U.S.C. 3702(b). (See also § 178.104 of this chapter.)

(3) For back pay under claims dealing with awards under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 207, *et seq.*), an agency must apply the 2-year statute of limitations (3 years for willful violations) in 29 U.S.C. 255a. (See also § 551.702 of this chapter.)

[46 FR 58275, Dec. 1, 1981, as amended at 64 FR 72458, Dec. 28, 1999]

**§ 550.805 Back pay computations.**

(a) When an appropriate authority corrects or directs the correction of an unjustified or unwarranted personnel action that resulted in the withdrawal, reduction, or denial of all or part of the pay, allowances, and differentials otherwise due an employee—

(1) The employee shall be deemed to have performed service for the agency during the period covered by the corrective action; and

(2) The agency shall compute for the period covered by the corrective action the pay, allowances, and differentials the employee would have received if the unjustified or unwarranted personnel action had not occurred.

(b) No employee shall be granted under section 5596 of title 5, United States Code, and this subpart than he would have been entitled to receive if the unjustified or unwarranted personnel action had not occurred. Except as provided in paragraph of this section, in computing the amount of back pay under section 5596 of title 5, United States Code, and this subpart, an agency may not include— [text obscured]

cy shall grant, upon request of an employee, any sick or annual leave available to the employee for a period of incapacitation if the employee can establish that the period of incapacitation was the result of illness or injury.

(e) In computing the net amount of back pay payable under section 5596 of title 5, United States Code, and this subpart, an agency must make the following offsets and deductions (in the order shown) from the gross back pay award:

(1) Any outside earnings (gross earnings less any associated business losses and ordinary and necessary business expenses) received by an employee for other employment (including a business enterprise) undertaken to replace the employment from which the employee was separated by the unjustified or unwarranted personnel action during the interim period of the corrective action. Do not count earnings from additional and "moonlight" employment the employee may have engaged in while Federally employed (before separation) and while erroneously separated.

(2) Any erroneous payments received from the Government as a result of the unjustified or unwarranted personnel action, which, in the case of erroneous payments received from a Federal employee retirement system, must be returned to the appropriate system. Such payments must be recovered from the back pay award in the following order:

(i) Retirement annuity payments (i.e., gross annuity less deductions for life insurance and health benefits for premiums, if those premiums can be recovered by the affected retirement system from the insurance carrier);

(ii) Refunds of retirement contributions (i.e., gross refund before any deductions);

(iii) Severance pay (i.e., gross payments before any deductions); and

(iv) A lump-sum payment for annual leave (i.e., gross payment before any deductions).

(3) Authorized deductions of the type that would have been made from the employee's pay (if paid when properly due) in accordance with the normal order of precedence for deductions from pay established by the agency, subject

lowing types of deductions, as applicable:

(i) Mandatory employee retirement contributions toward a defined benefit plan, such as the Civil Service Retirement System or the defined benefit component of the Federal Employees Retirement System;

(ii) Social Security taxes and Medicare taxes;

(iii) Health benefits premiums, if coverage continued during a period of erroneous retirement (with paid premiums recoverable by the employing system) or is retroactively reinstated at the employee's election under 5 U.S.C. 8908(a);

(iv) Life insurance premiums if—

(A) Coverage continued during a period of erroneous retirement;

(B) Coverage was stopped during an erroneous suspension or separation on the employee suffered death or accidental dismemberment during the period (consistent with 5 U.S.C. 8706(d)); or

(C) Additional premiums are owed because of a retroactive increase in basic pay; and

(v) Federal income tax withholdings.

(Note to paragraph (e)(3): See appendix A to this subpart for additional information on computing certain deductions.)

(f) Administrative offsets under 31 U.S.C. 3716 to recover any other outstanding debt(s) owed to the Federal Government by the employee, as appropriate.

(g) For the purpose of computing the amount of back pay under paragraph (e) of this section, interest shall be included in the amount from which deductions for erroneous payments are made, as required by §550.805(e)(2) of this part.

(g) An agency shall credit annual leave restored to an employee as a result of the correction of an unjustified or unwarranted personnel action in excess of the maximum leave accumulation authorized by law to a separate leave account for use by the employee. The employee shall schedule and use annual leave in such a separate leave account as follows:

(1) A full-time employee shall schedule and use excess annual leave of 416

year in progress 2 years after ██ on which the annual leave is ██ to the separate account. The ██ shall extend this period by 1 le██ for each additional 208 hours — ██ annual leave or any portion ██.

(2) A part-time employee sha██ ule and use excess annual lea██ amount equal to or less than 20 ██ of the employee's scheduled ██ duty over a period of 52 calen██ by the end of the leave year in P██ 2 years after the date on which th██ nual leave is credited to the se██ account. The agency shall exten ██ period by 1 leave year for each ██ tional number of hours of excess ██ nual leave, or any portion th██ equal to 10 percent of the emplo██ scheduled tour of duty over a peri██ 52 calendar weeks.

(h) Agencies must correct errors ██ affect an employee's Thrift Sav██ Plan account consistent with reg██ tions prescribed by the Federal Re██ ment Thrift Investment Board. (██ parts 1605 and 1606 of this title.)

[46 FR 58275, Dec. 1, 1981, as amended ██ FR 18072, May 20, 1988, and 53 FR 45886, ██ 15, 1988; 59 FR 66634, Dec. 28, 1994; 64 FR ██ Dec. 10, 1999]

## §550.806   Interest computations.

(a)(1) Interest begins to accrue on the ██ date or dates (usually one or more pay ██ dates) on which the employee would ██ have received the pay, allowances, and ██ differentials if the unjustified or un██ warranted personnel action had not oc██ curred.

(2) Interest accrual ends at a time se██ lected by the agency that is no more ██ than 30 days before the date of the ██ back pay interest payment. No interest ██ is payable if a complete back pay pay██ ment is made within 30 days after any ██ erroneous withdrawal, reduction, or de██ nial of a payment, and the interest ac██ crual ending date is set to coincide ██ with the interest accrual starting date.

(b) In computing the amount of inter██ est due under section 5596 of title 5, ██ United States Code, the agency shall ██ reduce the amount of pay, allowances, ██ and differentials due for each date de██ scribed in paragraph (a) of this section ██ by an amount determined as follows:

██er employmen██ ██red by the corrective action. The ██tied in §550.805(e)(1) of this ██ the total amount of back pay ██ any deductions);

██ultiply the ratio obtained in ██ph (b)(1) of this section by the ██ of pay, allowances, and dif██ls due for each date described ██graph (a) of this section.

██The amount of back pay computed ██ ██amount of back pay computed ██ section 5596 of title 5, United ██ Code, and this subpart before ██ing deductions for erroneous pay██ as required by §550.805(e)(2) of ██art.

██The rate or rates used to compute ██ interest payment shall be the an██ ██percentage rate or rates estab██ed by the Secretary of the Treasury ██ the overpayment rate under section ██(a)(1) of title 26, United States Code ██ its predecessor statute), for the ██ or periods of time for which inter██ is payable.

██ On each day for which interest ac██ues, the agency shall compound in██ ██ by dividing the applicable inter██ rate (expressed as a decimal) by 365 ██ in a leap year).

██ The agency shall compute the ██ amount of interest due, and shall issue ██ the interest payment within 30 days of ██ the date on which accrual of interest ██ends.

██ (g) To the extent administratively ██ feasible, the agency shall issue pay██ ments of back pay and interest simul██ taneously. If all or part of the payment ██ of back pay is issued on or before the ██ date on which accrual of interest ends ██ and the interest payment is issued ██ after the payment of back pay is ██ issued, the amount of the payment of ██ back pay shall be subtracted from the ██ accrued amount of back pay and inter██ est, effective with the date the pay██ ment of back pay was issued. Interest ██ shall continue to accrue on the remain██ ing unpaid amount of back pay (if any) ██ and interest until the date on which ██ accrual of interest ends.

[53 FR 18072, May 20, 1988, and 53 FR 45886, ██ Nov. 15, 1988; 64 FR 69179, Dec. 10, 1999]

(a) An employee or an employee's ██ personal representative may request ██ payment of reasonable attorney fees ██ related to an unjustified or unwar██ ranted personnel action that resulted ██ in the withdrawal, reduction, or denial ██ of all or part of the pay, allowances ██ and differentials otherwise due the em██ ployee. Such a request may be pre██ sented only to the appropriate authori██ ty that corrected or directed the cor██ rection of the unjustified or unwar██ ranted personnel action. However, for ██ the finding that provides the basis for ██ a request for payment of reasonable at██ torney fees is made on appeal from a ██ decision by an appropriate authority ██ other than the employing agency, the ██ employee or the employee's personal ██ representative shall present the re██ quest to the appropriate autho██ from which the appeal was taken.

(b) The appropriate authority ██ which such a request is presented shall ██ provide an opportunity for the employ██ ing agency to respond to a request for ██ payment of reasonable attorney fees.

(c) Except as provided in paragraph ██ (e) of this section, when an appropriate ██ authority corrects or directs the cor██ rection of an unjustified or unwar██ ranted personnel action that resulted ██ in the withdrawal, reduction, or denial ██ of all or part of the pay, allowances ██ and differentials otherwise due an em██ ployee, the payment of reasonable at██ torney fees shall be deemed to be war██ ranted only if—

(1) Such payment is in the interest of ██ justice, as determined by the appro██ priate authority in accordance with ██ standards established by the Merit Sys██ tems Protection Board under 5 ██ 7701(g) of title 5, United States Code; ██ and

(2) There is a specific finding that the ██ appropriate authority setting forth the ██ reasons such payment is in the interest ██ of justice.

(d) When an appropriate authority ██ determines that such payment is war██ ranted, it shall require payment of at██ torney fees in an amount determined ██ to be reasonable by the appropriate au██ thority. When an appropriate authority ██ determines that such payment is no

532

533

533

MANAGER, LABOR RELATIONS
RIO GRANDE DISTRICT

 **UNITED STATES POSTAL SERVICE**

December 5, 2000

Postmasters – Rio Grande District
Plant Managers – Rio Grande District

Attached are instructions on placing an employee in an off-duty status.

If you have any questions, call your local Labor Relations office.

DEBI E.  EDMUNDS

Attachment

*Labor
Relations
specialist
210 368 1604*

1 POST OFFICE DRIVE
SAN ANTONIO TX 78284-9401
(210) 368-1628
FAX  (210) 368-1617

# RIO GRANDE PERFORMANCE CLUSTER

## Placement of Employees in an Off-Duty Status

### 1. Background

On occasion, supervisors must take action to place an employee in an off-duty status. Such action is a serious matter. Proper administrative and contractual provisions must be followed whenever such action is taken to ensure postal interests and employee rights are not compromised.

### 2. Reasons for placing a bargaining unit employee off duty

Article 16.7 in the APWU, NALC, and Mail Handler National Agreements and Article 16.5 in the NRLCA National Agreement provide an emergency method for removing employees from the work site for violating specific standards of behavior. The National Agreements state:

A. A craft employee may be immediately placed in an off-duty status (without pay) where the allegation involves:

- Intoxication (use of drugs or alcohol) (determined by an emergency FFD)
- Pilferage
- Failure to observe safety rules and regulations
- Cases where retaining the employee on duty may result in damage to
- USPS property, or loss of funds
- Cases where the employee may be injurious to self or others

Insubordination is not a qualifying reason to place an employee off-duty under Article 16.7 unless the employee's behavior is caused by, or may result, in a condition listed under A above. If the reason for placing an employee off-duty is not listed under A above, the employee must be placed on Administrative Leave (with **pay**). Such reasons for placing an employee off duty, with pay, **may** include, but are not limited to:

- A proposed removal has been issued.
- Pending Fitness-for-duty examination to determine physical or mental ability to perform assigned duties
- Pending special investigation

### 3. Reasons for placing a non-bargaining unit employee off duty

A. In accordance with Section 651.3 of the Employee and Labor Relations Manual covering EAS employees, an employee may be placed in an off-duty status (without pay) when the employee:

- Is intoxicated (determined by an Emergency FFD)
- Fails to observe safety rules
- Fails to obey a direct order
- Is disrupting day-to-day operations

RIO GRANDE PERFORMANCE CLUSTER

## Placement of Employees in an Off-Duty Status

### 1. Background

On occasion, supervisors must take action to place an employee in an off-duty status. Such action is a serious matter. Proper administrative and contractual provisions must be followed whenever such action is taken to ensure postal interests and employee rights are not compromised.

### 2. Reasons for placing a bargaining unit employee off duty

Article 16.7 in the APWU, NALC, and Mail Handler National Agreements and Article 16.5 in the NRLCA National Agreement provide an emergency method for removing employees from the work site for violating specific standards of behavior. The National Agreements state:

A. A craft employee may be immediately placed in an off-duty status (without pay) where the allegation involves:

- Intoxication (use of drugs or alcohol) (determined by an emergency FFD)
- Pilferage
- Failure to observe safety rules and regulations
- Cases where retaining the employee on duty may result in damage to
- USPS property, or loss of funds
- Cases where the employee may be injurious to self or others

Insubordination is not a qualifying reason to place an employee off-duty under Article 16.7 unless the employee's behavior is caused by, or may result, in a condition listed under A above. If the reason for placing an employee off-duty is not listed under A above, the employee must be placed on Administrative Leave (with **pay**). Such reasons for placing an employee off duty, with pay, **may** include, but are not limited to:

- A proposed removal has been issued.
- Pending Fitness-for-duty examination to determine physical or mental ability to perform assigned duties
- Pending special investigation

### 3. Reasons for placing a non-bargaining unit employee off duty

A. In accordance with Section 651.3 of the Employee and Labor Relations Manual covering EAS employees, an employee may be placed in an off-duty status (without pay) when the employee:

- Is intoxicated (determined by an Emergency FFD)
- Fails to observe safety rules
- Fails to obey a direct order
- Is disrupting day-to-day operations

# UNITED STATES POSTAL SERVICE
Rio Grande District

## Emergency Placement in Off-Duty Status

Employee Name: _____     Date: _____

SSN: _____     Time: _____

Job Title: _____     Installation: _____

Under the provisions of Article 16.7 of the 1991 National Agreement, you are hereby notified of your emergency placement in an off duty status.

Reason for placement in off-duty status:

Your placement in an off-duty status will begin on _____ at _____ and continue until you are advised otherwise.

You have a right to file a grievance under Article 15 of the 1991 National Agreement within fourteen (14) days from the date of your receipt of this letter.

_____
Signature/Title - Immediate Supervisor
{Name of Installation}

*NOTE:  If mailed, send the notice Certified Mail and First-Class Mail.*

I RECEIVED THE ORIGINAL OF THIS LETTER ON _____(DATE/TIME)

EMPLOYEE
SIGNATURE_____

cc: Labor Relations

B.   If the reason for placing an employee off duty is not listed under A above, the employee is to be placed on Administrative Leave (with pay). Such reasons for placing an employee off duty, with pay, may include, but are not limited to:

- A proposed removal has been issued
- Pending Fitness-for-duty examination ability to perform assigned duties
- Pending special investigation

## 4.    Procedure

An employee may remain in the off-duty status until the reason for the placement off duty ceases to exist or until a decision is made regarding the appropriate level of discipline, if any, to be issued. If the infraction, which caused the employee to be placed in the off-duty status, is such that the normal penalty is removal, the employee should remain in the off-duty status throughout the removal procedure.  Once a removal notice is issued, the employee must either be placed in an administrative leave status for the thirty days advance notice period, or work, if appropriate Employees who have appeal rights to the MSPB should be placed on administrative leave prior to the fourteenth day of the off-duty status to avoid the employee gaining appeal rights to the MSPB (check with your Labor Relations office concerning bargaining unit employees rights to MSPB)

If the likely resulting disciplinary action is not removal, the employee should be allowed to return to work within a reasonable period of time. For instance, an employee placed in an off-duty status due to intoxication is normally permitted to return to work on his/her next regularly scheduled day because it is assumed that the intoxication will end prior to returning. Following his/her return the employee may be subject to disciplinary action.

A supervisor need not conduct a formal fact-finding investigation prior to placing an employee in an off-duty status because of the emergency nature of the action.

An employee being placed off duty without pay must be given written notification of the placement. When practicable, the notice should be issued to the employee prior to his/her placement off duty. When the issuance of advance notice is not practicable, then the notice should be sent to the employee's address of record as soon as possible after employee has been placed off duty. A sample letter for craft employees entitled "Emergency Placement in Off-Duty Status" is attached.  The letter cites Article 16.7 and should provide the reason for the placement off duty, the begin date, and grievance rights. The employee is asked to sign the letter for receipt purposes (signing is not required) and a copy is sent to Labor Relations.

It is imperative that the placement of employee's off-duty be done correctly. To this end it is essential that management adhere to the following:

**Except in emergency situations, the Labor Relations office is to be contacted for advice prior to placing an employee off duty, either with or without pay.   The Labor Relations office should be consulted as soon as possible after the employee has been placed off duty.**

Debi E. Edmunds
Manager Labor Relations