

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

NOV 1 9 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| CARLOS CAVAZOS<br>Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | |
| JOHN E. POTTER,<br>POSTMASTER GENERAL,<br>Defendant. | §<br>§<br>§ | MISCELLANEOUS NO. B-02-027<br><br>B-02-219 |

### ORDER

Plaintiff, Carlos Cavazos ("Cavazos") proceeding pro se, has filed a complaint (Docket No. 1) alleging wrongful employment discrimination. In addition, Cavazos has filed an Application to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915. For the reasons explained below, Cavazos' application should be granted.

### I. Background

Cavazos was employed with the United States Postal Service as a rural relief mail carrier at the La Feria Post Office from 1984 to 2001. Cavazos claims that he was told by his supervisor, a white male, to take leave from his job until he was called back. In the meantime, three young females with lower qualifications were hired to fill vacancies. After waiting for a reasonable time, with no call from his supervisor, Cavazos became suspicious. Cavazos claims that upon his own inquiry, via a Freedom of Information Act (FOIA) request, he learned for the first time that he had supposedly voluntarily "resigned" from his employment. Cavazos stated that he had not resigned and demanded that the U.S. Postal Service provide documentation of his resignation. When they were unable to do so, he filed a complaint with the Equal Employment

Opportunity Commission (EEOC). The following events seem to have taken place according to Cavazos' statement as well as documents in the record.

> October 15, 2001:
> Cavazos claims that the postmaster, Walter Ricedale, instructed him to take leave and that Cavazos would be called back to work at a later date.
> Official date of the document entitled "Personnel Action" which states that Cavazos resigned.
>
> March 14, 2002:
> Alleged date of Cavazos request for an appointment with a Dispute Resolution Specialist.
>
> March 30, 2002:
> Date of FOIA request by Cavazos.
>
> April 16, 2002:
> Date of letter from FOIA officer to Cavazos indicating his request for information was enclosed. Cavazos claims that this is the first time that he learns of his supposed resignation.
>
> April 23, 2002:
> Alleged filing date of EEOC complaint (as stated by Cavazos in Docket No. 1).
>
> May 8, 2002:
> Date of document entitled "Notice of Right to File Individual Complaint" sent from US Post Office Dispute Resolution Specialist to Cavazos.
>
> May 13, 2002:
> Date of filing of the document entitled "Information For Pre-Complaint Counseling" by Cavazos.
>
> May 15, 2002:
> Alleged filing date of EEOC complaint (according to a letter entitled "Final Agency Decision" of U.S. Post Office)
>
> October 15, 2002:
> Date of document entitled "Final Agency Decision" of the U.S. Postal Service.

Cavazos, in his complaint, states that he did not resign, but was wrongfully discharged on account of his race, gender, and age. Citing 29 C.F.R. §1614.101 in support of his discrimination claim, Cavazos seeks reinstatement of his previous employment, back pay and compensatory damages.

As for the application for proceed in forma pauperis, dated November 13, 2002, Cavazos states that he has been unemployed since March 18, 2000, and has assets valued at $51,000.00

(homestead and two vehicles). Cavazos listed that he did not have a checking or savings account. Although Cavazos stated that he is no longer employed, he indicated that he had income in the past twelve months in the form of his salary from the U.S. Postal Service in the amount of $3,000.00 per month.

## II. Analysis

Under 28 U.S.C. §1915, "...any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

It has been held that the plaintiff need not be completely destitute in order to proceed as a pauper, but must demonstrate that he cannot afford to pay for the costs and litigation and still provide for himself. *Jones v. State*, 893 F. Supp. 643 (E.D. Tex. 1995). In the context of employment discrimination suits the courts have allowed plaintiffs to proceed in forma pauperis where they were unemployed and had no other source of income. *Reado v. Texas General Land Office*, 929 F. Supp. 1046 (E.D. Tex. 1996).

In addition to the requirement that the plaintiff must be financially unable to pay the filing fee, the claim must not be frivolous or fail to state a claim for relief. A claim is frivolous when it lacks an arguable basis in law or in fact. *Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994). On the other hand, a plaintiff who presents an arguable claim, but one which is ultimately resolved against him will be subject to dismissal for failure to state a claim. *Caffey v. Johnson*, 883 F.

3

Supp. 128 (E.D. Tex. 1995).

In this case, Cavazos stated that he was unemployed, but at the same time receiving employment income. It appears that Cavazos must have misunderstood the form of the question on the pre-printed application. It is clear from the documents in the record that Cavazos is no longer employed by the U.S. Postal Service, so he cannot be receiving his regular employment income. The fact that Cavazos is unemployed and has no other form of income, as well as the limited value of his assets, seems to meet the threshold requirements as set forth by the law.

As far as the basis of his claim for relief, Cavazos states that he was subject to illegal employment discrimination because of his race, age and gender. Cavazos references 29 C.F.R. §1614.101, as the basis for his claim, which states, "It is the policy of the Government of the United States to provide equal opportunity in employment for all persons, to prohibit discrimination in employment because of race, color, religion, sex, national origin, age or handicap and to promote the full realization of equal employment opportunity through a continuing affirmative program in each agency." This provision of the law sets forth the labor policy of the government. However, it does create a legal right to be free from unlawful discrimination. Examples of laws which do create these rights include Title VII of the Civil Rights Act (42 U.S.C. § 2000e et seq.), the Age Discrimination in Employment Act (ADEA) (29 U.S.C. §621 et seq.), the Equal Pay Act (29 U.S.C. §206(d)) and others.

Due to the fact that Cavazos is proceeding pro se, his complaint should be liberally construed. Although Cavazos does not cite the specific laws which may entitle him to relief, he has set forth the facts which may show illegal discrimination. Once the case is allowed to proceed, Cavazos may be able to amend his pleadings with increased specificity. As stated

4

earlier, probable success on the merits need not be shown, as the court only examines whether the claim involves legal points that are arguable on their merits. *Jackson v. Dallas Police Dept.*, 811 F.2d 260 (5th Cir. 1986). It appears that Cavazos' factual allegations, if proven, could support a claim of discrimination that would entitle him to relief.

### III. Conclusion

Upon review of the application and discrimination complaint, Cavazos has presented a valid claim under the law and has set forth his status as a pauper.

IT IS **ORDERED** that Cavazos' application to proceed in forma pauperis be **GRANTED** and as such, the Clerk of Court shall file the claim as a civil case.

DONE at Brownsville, Texas, this 18th day of November, 2002.

John Wm. Black
United States Magistrate Judge